CHARLES TIEFENBRUN, Respondent; v. FRANK TIEFEN-
BRUN, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Landlord and Tenant:** TENANCY FROM YEAR TO YEAR. An
oral letting of a farm at the will of the lessor creates a tenancy from
year to year, and is terminable by the lessor upon sufficient notice.

2. **Statute of Frauds:** ASSIGNMENT OF FREEHOLD INTEREST IN LAND.
The assignment of a freehold interest in land is within the statute of
frauds, and must, therefore, be in writing.

*Appeal from the Jefferson Circuit Court.*—Hon. JAMES
F. GREEN, Judge.

AFFIRMED.

*F. R. Dearing* and *Jos. J. Williams* for appel-
lant.

*Charles H. Kleinschmidt* and *Dinning & Byrns* for
respondent.

BOND, J.—Plaintiff was the lessee of the farm in
suit under a demise thereof during the life of the
owner George Richardson, an insane person, made by
his guardian in 1872, upon a yearly rental of $75.
Plaintiff held possession of the premises until about
March, 1887, when defendant was placed in possession
under an oral agreement had at that time with the
plaintiff. According to plaintiff's evidence this oral
agreement was to the effect, that defendant should
occupy the premises at plaintiff's will upon payment
to the original lessor of the rent reserved and delivering
the receipts for such payments to plaintiff. According

to defendant's evidence the oral agreement in question was merely an assignment to him of plaintiff's rights as lessee for the remainder of the term of the demise to plaintiff. More than sixty days before March, 1895 (that being the month in which defendant had been put in possession of the premises in 1887), plaintiff served notice upon defendant terminating his assumed yearly tenancy and requiring a surrender of the premises. The present suit was instituted on the twenty-first of March, 1895, as for an unlawful detainer, before a justice of the peace. From a judgment rendered by him in favor of defendant the cause was appealed to the circuit court. On a trial there evidence was adduced tending to support the two versions of the oral agreement between the parties set out above. The court directed a verdict for plaintiff.. From a judgment rendered upon a findirg in accordance with this instruction the defendant appeals to this court, and assigns for error the giving of such instruction. Whatever view of the evidence may be taken, the instruction given by the trial court was clearly correct. If the contract was claimed by plaintiff, then, being oral, it created a tenancy in defendant from year to year, terminable upon sufficient notice at the will of plaintiff. R. S. 1889, secs. 5182, 5183, 5186, 6370; *Kerr v. Clark*, 19 Mo. 132; *Ridgley v. Stillwell*, 28 Mo. 400. On the other hand, if the verbal contract between the parties was, as contended by defendant, an assignment to him of the unexpired term of plaintiff's lease, then it was within the statute of frauds, since the term attempted to be assigned was a freehold interest, being for the life of the original lessor, and also because it was not performable in one year. R. S. 1889, secs. 5182, 5183, 5186; *Nally v. Reading*, 107 Mo. 350; *Johnson v. Reading*, 36 Mo. App. 306.

For these reasons the verbal contract, whether

made as testified by plaintiff or by defendant, could not be relied on to defeat a recovery in this action; hence, there was no error in the instruction to find for plaintiff given by the court, and the judgment rendered in his favor will be affirmed. It is so ordered. All concur.