## FREDERICK J. WILSON, Appellant, v. ORILLA F. DARROW et al.

### Division One, November 27, 1909.

1. **REVIVING CAUSE: After Judgment and Term: To File a Bill of Exceptions.** After judgment rendered and the lapse of the term, the circuit court has no authority to revive the cause in the name of another plaintiff for the purpose of authorizing him to file a bill of exceptions; nor has it any jurisdiction over the cause except to make such orders as are provided for by statute, and an order reviving a cause is not one of them. So that where judgment in a suit to quiet title, was rendered at the January term in favor of defendants, and plaintiff was granted the right to file a bill of exceptions during the May term, and during that term the time for filing the bill was extended to the October term, and on May 30th plaintiff died, the court had no authority to revive the cause in the name of his heirs or trustee at said October term, for the purpose of permitting the substituted plaintiff to file the bill of exceptions, or for any other purpose.

Wilson v. Darrow.

2. ————: In Name of Stranger. After judgment for defendant and the death of a plaintiff, the cause of action can be revived in the name of a stranger only by showing that since the trial and prior to his death plaintiff transferred his interest in the cause of action to the stranger.

3. ————: ————: Upon Motion. A cause of action, after the death of plaintiff, cannot be revived in the name of a stranger as substituted plaintiff except upon his written motion properly filed, showing a transfer to him of the interest of the original plaintiff, before his death and prior to the trial, and any other necessary matter authorizing a revivor.

4. ————: In Appellate Court. A suit cannot be revived in the Supreme Court in the name of a stranger to the record who claims to have acquired, subsequently to granting the appeal, the interest of the deceased appellant in the subject-matter of the suit, by contract, nor can it be revived in the name of anyone else except the heirs or devisees, or the executor or administrator, of the deceased appellant.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Campbell & Ellison, A. Doneghy* and *G. C. Weatherby* for appellant.

We have been unable to find a case deciding the point as to the right to file a bill of exceptions when the sole plaintiff dies after the elapse of the term at which judgment was rendered (as in the case at bar), and after appeal granted. But it does seem to us that if a trial court has the right to grant leave to an appellant to file a bill of exceptions at a time later than the adjournment of the term at which the order or judgment appealed from is made or rendered, then the same court would have the power to carry into effect the order or leave which he has the power under the law to grant. The trial court in such a case certainly has the right to complete the record of the case, and if this must be done after the death

of the appellant, the one to whom he gave the leave, then he ought to have the power to do it. If the law were otherwise, then the purpose of the law in providing the right to the appellant to ask for, and the trial court grant, leave to file a bill of exceptions in vacation or at a subsequent term, would be defeated.

H. F. Millan for respondent.

WOODSON, J.—This suit was instituted by Frederick J. Wilson against Orilla F. Darrow et al., to determine title to certain real estate situate in Adair county, under section 650, Revised Statutes 1899. The petition was substantially in the words of the statute.

All of the defendants answered, setting up various defenses.

A trial was had at the January Term, 1907, of the Adair Circuit Court, which resulted in a judgment in favor of the defendants, and the plaintiff appealed by what is known as the short method. During the same term, the court duly granted plaintiff the right to file a bill of exceptions during the May term thereof, and during said May term the court extended the time for filing the bill of exceptions to during the October term thereof. November 7, 1907, during the October term, 1907, the following was entered of record by order of the court:

"Comes now the plaintiff herein by attorneys and files suggestion of the death of plaintiff with entrance of appearance of Lillie B. Wilson, Lucile Wilson and Forest B. Wilson in this cause.

"Afterwards, on the same day, November 7th, the following was by order of the court entered of record therein.

"Comes now Lillie B. Wilson, Forest B. Wilson and Lucile Wilson and show to the court that the plaintiff in said cause, Frederick J. Wilson, departed this life on the 30th day of May, 1907, and that Lillie B. Wilson, Forest B. Wilson and Lucile Wilson are

his sole and only heirs at law. That said Forest B. Wilson and Lucile Wilson are minors. Now, therefore, the above Lillie B. Wilson, Forest B. Wilson and Lucile Wilson hereby enter their appearance and ask that a guardian *ad litem* be appointed by the court for said Forest B. Wilson and Lucile Wilson, and that said cause be revived and continued in the name of said Lillie B. Wilson, Forest B. Wilson and Lucile Wilson as plaintiffs and that the name and style of said action shall hereafter from this date be Lillie B. Wilson et al. v. Orilla F. Darrow et al.

"November 8th, 1907, during said October term, 1907, of said court suggestion of death of Frederick J. Wilson filed by the Second National Bank of Jackson, Tennessee, by their attorneys, Campbell & Ellison, G. C. Weatherby and A. Doneghy.

"Afterwards on the same day, November 8th, 1907, during the said term said court caused to be entered of record therein the following: 'Death of Frederick J. Wilson suggested on record, Second National Bank of Jackson, Tennessee, substituted as plaintiff as the successor in interest of Frederick J. Wilson, deceased. It appearing to the court that Lillie B. Wilson, widow and executrix of Frederick J. Wilson, deceased, refuses to be substituted as plaintiff and refuses to execute the trust in said cause, and that Forest B. Wilson and Lucile Wilson, the sole and only children of said Frederick J. Wilson, are minors and cannot execute said trust; cause revived in the name of said Second National Bank as plaintiff v. Orvilla F. Darrow et al., defendants. Summons ordered issued commanding Lillie B. Wilson, widow and executrix of Frederick J. Wilson, deceased, and Forest B. Wilson and Lucile Wilson, minor children of said Frederick J. Wilson, Orilla F. Darrow, Frederick L. Darrow, Mary L. Hamilton, Ellen A. Foster and Charles E. Darrow to appear on or before the fourth day of the next term of said court to be begun

and holden on the third Monday in January, 1908, to show cause, if any, why said cause should not stand revived and be continued in the name of the Second National Bank as plaintiff.'

"Afterwards, on November 8, 1907, there appears on the record of said court the following:

"'November 8, 1907. Second National Bank, plaintiff, v. Orilla F. Darrow et al., defendants. Now at this day is received and filed bill of exceptions, which said bill of exceptions was taken and saved on the part of the defendant in the trial of this cause and duly signed by Hon. Nat. M. Shelton, judge of this court.'

"January 2, 1908, in vacation of said court, a summons was issued with copy of suggestions of the death of plaintiff with notice to revive in name of Second National Bank of Jackson, Tennessee, summoning Lillie B. Wilson, Forest B. Wilson, Lucile Wilson, Orilla F. Darrow, Frederick L. Darrow, Mary L. Hamilton, Ellen A. Foster and Charles E. Darrow, issued.

"February 23, 1908, *alias scire facias* issued to sheriff of St. Louis for defendant, Charles E. Darrow.

"May 19, 1908, plaintiff orders *alias* writ for defendant, Charles E. Darrow.

"December 10, 1908, order of publication issued for defendant, Charles E. Darrow.

"January 20, 1909, defendants, Orilla Darrow, Fred. Darrow, Mary Hamilton, Ellen Foster, file motion to quash writ.

"February 2, 1909, Charles E. Darrow files motion to quash order of publication. Said motion (formal parts omitted) is as follows:

"'Comes now defendant, Charles E. Darrow, for the purpose of this motion and appearing for no other purpose whatever, and moves the court to quash the order of publication herein for the following reasons:

"'Because the same was made and published without authority of law.

" 'Because no order of court was made authorizing the same.

" 'Because the court had no jurisdiction to make or order the same.

" 'Because the whole proceeding for revival of said cause is void and wholly without authority of law.'

"On February 2, 1909, during January term, 1909, the motion of defendant Charles E. Darrow to quash order of publication was sustained."

Counsel for respondent has filed in this court the following motion, to-wit:

"The respondents move the court to strike out the bill of exceptions herein:

"Because the same is filed without any authority of law.

"And because the same was not filed by a party to the record.

"Because the record shows that the judgment was rendered at the January term, 1907.

"That at the January term, 1907, the appeal was granted and leave given appellant to file his bill of exceptions during the May term, 1907.

"At the May term on May 20, 1907, the court extended the time for appellant to file his bill of exceptions until or during the October term, 1907, of said court.

"On May 30, 1907, the appellant died.

"At the October term of said court on November 8, 1908, a bill of exceptions entitled 'Second National Bank v. Orilla F. Darrow et al.,' was filed.

"Because after the death of the appellant no one could appear in the cause, take any order or file any paper until the cause was revived.

"Because no leave of court was ever granted to 'Second National Bank' to file said bill of exceptions.

"Because after granting of the appeal, and after lapse of the term, the circuit court lost all jurisdiction

of the cause, and there was no power in that court to revive the cause."

Counsel for respondents make the following suggestions or objections to reviving cause in name of Second National Bank:

"This case cannot be revived in the name of the Second National Bank for the following reasons:

"The plaintiff, Fred. J. Wilson, died May 30, 1907, during the May term of the circuit court.

"Proceedings for reviving the cause could have been instituted during the term in that court, but were not.

"On the showing made by Second National Bank on its application to be substituted as plaintiff, Fred J. Wilson had the legal title to the land and when he died that title passed to his heir's, and said bank has not succeeded to that interest. It has no more title or interest now than it had when the suit was begun.

"The trial and judgment in the case settled it that Wilson had no title. A trial and judgment with the bank as plaintiff could only decide whether the bank had any equity. That point would be best settled if the bank would sue the Wilson heirs.

"The time within which any one could be substituted as plaintiff has passed."

I.  Counsel for respondents has filed a motion in this court to strike from the record the bill of exceptions filed in the cause by the Second National Bank. His motion is based upon the following facts, disclosed by the record, namely, that the judgment appealed from was rendered at the January term, 1907. At the same term an appeal was taken and leave was given to appellant to file his bill of exceptions during the following May term. At the latter term the court extended the time for filing same until or during the October term of the same year. On

May 30, 1907, the appellant died. At the October term, on November 8, 1908, a bill of exceptions, entitled the "Second National Bank vs. Orilla F. Darrow et al.," was filed.

Upon that state of the record counsel for appellant contends that after the circuit court granted the appeal, which was at the January term, 1907, and after the lapse of the term, the court lost all jurisdiction over the cause and possessed no power or authority after that time to revive the cause in the name of the bank, or to authorize it to file a bill of exceptions in the cause.

In our opinion that contention is well founded, for the reason that after the lapse of the term the circuit court has no jurisdiction whatever over the cause, except to make such orders as are provided for by statute, and the order reviving a cause is not one of them. [Crawford v. Railroad, 171 Mo. l. c. 74 and 75.]

There is nothing in the case cited lending countenance to the contention that the circuit court had the authority to make an order of revival *after the expiration of the term* at which the judgment was rendered. What was there said is directly to the contrary and is a denial of such authority. In the discussion of this question Judge GANTT clearly stated the law as follows:

"The objection by the defendant is that the order of the circuit court purporting to revive the suit in the name of Gabbert, the administrator, was void, and said court was without jurisdiction to do so because by the allowance of the appeal that court lost jurisdiction of said cause and had no power to permit such revivor.

"In the determination of this controversy we must call to our aid certain fundamental principles. Thus, it is settled law in this State that during the whole of the term in which any judicial act is done, the pro-

ceedings are considered to continue *in fieri* and even after a judgment has been rendered the record remains in the breast of the judges of the court and is therefore subject to amendment or alteration as they may direct, but cannot be so amended after the lapse of the term further than by *nunc pro tunc* entries which make the record speak the exact truth of what did occur. [Aull v. Trust Co., 149 Mo. 1; Rottmann v. Schmucker, 94 Mo. 144; Caldwell v. Lockridge, 9 Mo. 362; State ex rel. v. Treasurer, 43 Mo. 228; McCabe v. Lewis, 76 Mo. 296.]

"And it is equally well determined that this power of the court over its own records, and its right to amend, correct and complete the same is not affected by the fact that an appeal has been taken from its judgment. [Bank v. Allen, 68 Mo. 474; DeKalb Co. v. Hixon, 44 Mo. 341; Jones v. Insurance Co., 55 Mo. 342; Gamble v. Daugherty, 71 Mo. 599.]

"While a different doctrine was announced in Ladd v. Couzins, 35 Mo. 513, that case was subsequently discredited in Gamble v. Daugherty, supra, so that it is the settled doctrine that though an appeal transfers jurisdiction of the case, still the trial court has full jurisdiction and control of its own record and may, notwithstanding the appeal, amend, correct and perfect the same so that it shall show exactly what transpired in said court. [State v. Logan, 125 Mo. 22.]"

In the case at bar the term had fully expired at the time the order of revivor was made and entered of record.

So in the case of Priddy v. Hayes, 204 Mo. 358, this court held that the circuit court had no authority even to sign a bill of exceptions after the expiration of the term at which the judgment was rendered, except where it was expressly empowered to do so by statute.

And in discussing a similar question this court, In Banc, in the case of State ex rel. v. Patterson, 207

Mo. l. c. 147, said: "And upon that principle the circuit court has no power or jurisdiction to make an order after the expiration of the time within which the statute commands it to be made."

We are, therefore, of the opinion that the order of the circuit court reviving the cause in the name of the Second National Bank, and authorizing it to file a bill of exceptions herein was a nullity, and neither the order reviving the cause nor the bill of exceptions filed by the bank are properly before this court; and for that reason this court has no authority to consider the merits of the case presented here through those void orders.

II. There is another equally valid reason why this court cannot look into the merits of this case, and that is this: The suit was brought by Wilson, and he appealed from the judgment rendered against him, and then died. Under that state of facts, if we confine ourselves to the Practice Act applicable to circuit courts, then there was but one way by which the action could have been revived in that court in the name of the bank, and that was by suggesting the death of Wilson, and then in some appropriate manner charged showing to the court that since the trial, and prior to his death, Wilson had transferred his interests in the cause to it, and then asked for an order of revivor in its name. There is no pretense made here that any such transfer was ever made by Wilson to the bank, nor did the motion (which I gather from the record was oral) for an order of revivor contain any charge of such a transfer, nor does the record disclose that any evidence was introduced tending to show such a transfer.

The only record entry bearing upon the question of revivor was made during the October term, 1907, which was on the 8th day of November. That order is as follows:

223 Sup—34

"Death of Frederick J. Wilson suggested on the record. Second National Bank of Jackson Tennessee, substituted as plaintiff as the successor in interest of Frederick J. Wilson, deceased. It appearing to the court that Lillie B. Wilson, widow and executrix of Frederick J. Wilson, deceased, refuses to be substituted as plaintiff and refuses to execute the trust in said cause, and that Forest B. Wilson and Lucile Wilson, the sole and only children of said Frederick J. Wilson, are minors and cannot execute said trust, said cause is revived in the name of said Second National Bank as plantiff vs. Orilla F. Darrow et al., defendants. Summons ordered issued commanding said Lillie B. Wilson, widow and executrix of Frederick J. Wilson, deceased, and Forest B. Wilson and Lucille Wilson, minor children of said Frederick J. Wilson, Orilla F. Darrow, Frederick Darrow, Mary L. Hamilton, Ellen A. Foster and Charles E. Darrow to appear on or before the 4th day of the next term of said court to be begun and holden on the third Monday in January, 1908, to show cause, if any, why said cause should not stand revived and be continued in the name of the Second National Bank as plaintiff."

In this connection it should be borne in mind that the widow and heirs at law of Wilson had previously suggested his death and had asked that the cause be revived in their names, but instead of passing upon their motion, the court took up the motion of the bank and made the order of revivor before set forth.

As before stated, the court, without any allegation or proof whatever of a transfer of Wilson's interest in the subject-matter of the cause to the bank, "substituted the bank as plaintiff as the successor in interest of Frederick J. Wilson deceased." The record does not show, nor do counsel for the bank contend that the court found the fact to be that Wilson had transferred his interest in the subject-matter to the bank, but they seek to escape the effects of that omis-

sion by insisting that the order of revivor, under section 758, Revised Statutes 1899, became absolute and conclusive upon defendants' failure to appear on or before the fourth day of the term of the court to which the summons was returnable, and move the court to set aside the provisional order of revivor. In other words, defendants by not so moving in the premises suffered default to go against them; and that after the expiration of the fourth day they could not contest the validity of the order of revivor.

In our opinion that contention is unsound, for it is elementary that before a judgment of any character, and especially one by default, will be permitted to stand, even in a collateral attack, there must be some kind of a statement filed in the court setting forth the facts constituting the cause of action, or a basis for the judgment or other relief sought in order that the record will disclose the matters and things determined thereby.

Section 756, Revised Statutes 1899, provides that the court "may, on motion, order the action to be continued by or against the representative or successor of such party in interest."

And section 640, Revised Statutes 1899, provides that "all motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion."

"Revivor of actions being purely statutory in its origin, the modes provided by the codes and statutes of the various States are exclusive, and the courts cannot grant such benefit by any other method." [18 Ency. of Plead. and Prac., p. 1128, par. 5.]

A failure to make such a charge in the motion is jurisdictional and can be raised at any state of the proceedings, even for the first time in this court. [McQuitty v. Wilhite, 218 Mo. l. c. 591; Davis v. Railroad, 126 Mo. 69; Hoffman v. McCracken, 168 Mo. l. c. 343.]

Suppose, for instance, defendants had appeared in court in response to the summons, what would they have found there to answer? Absolutely nothing— no motion asking for a revivor of the cause in the name of the bank, nor a statement of any kind of the fact (if fact it was) that Wilson had transferred his interests in the subject-matter of the suit to the bank.

While it is no part of the record, counsel for respondents stated in open court during argument that whatever interest, if any, the bank had in the case was acquired by it long prior to the time when Wilson instituted this suit. This side remark of counsel throws much light upon the vague and indefinite disclosures made by the record as to the interests of the bank in the cause. In fact it is the only rational explanation that could be offered for the bank's desire to become a party to the suit. But, however that may be, it has nothing to do with the proper disposition of the case. It must be determined according to the record and not according to the statements of counsel.

It was, however, material for defendants to know in whose name the suit was to be revived, in that of the heirs of Wilson or in the name of the bank, for both were asserting that right; and as there was nothing on file in the cause informing them of the nature of the bank's claim, they were wholly unable to resist its motion (if we may so call it) for an order of revivor.

A distinction might and probably should be drawn where the heirs or personal representatives of a deceased plaintiff suggest the death, for in that case the law casts the title and interests of the deceased in and to the subject-matter of the suit upon the heirs, when it concerns real estate, and upon the executor or administrator when personalty is involved, thereby leaving no issue of fact to be determined regard-

ing the claim of ownership of the property on that side of the case; but where a perfect stranger to all of the parties, as the bank was in this case, asserts title to the property by virtue of a contract made and entered into with the deceased, good pleading and practice require that such claim should be formally presented to the court, the evidence heard, and a formal finding and order or decree made determining that question. Otherwise the courts are liable to be imposed upon, and the rightful owners of the property are liable to be defrauded out of their rights.

The reason for requiring the bank, a new plaintiff, to make formal charge and proofs of ownership in this case is the same as that which requires the original or deceased plaintiff to make formal charge and proof of ownership in the original petition filed in the cause, namely: The law will not permit a person to maintain an action against his neighbor without he first charges ownership or the right to the possession of the property claimed, except he file his petition in court setting forth the nature of his claims thereto, and notify his neighbor to come into court and defend the same; and in addition thereto he must prove his claims by a preponderance of the evidence to the reasonable satisfaction of the court or jury; otherwise, he would be taking property without due process of law.

Doubtless this was the design of the Legislature in empowering the circuit courts, the triers of the facts, by section 764, Revised Statutes 1899, to substitute the name of a transferee of a cause of action in lieu of the plaintiff bringing the suit, where the transfer had been made subsequent to the institution of the suit, in order that such transfer, when material, might be litigated along with the other facts of the case. That design is emphasized by the fact that the Legislature gave this court no such authority, knowing that it was not a trial court of original jurisdiction; and

for that reason withheld from its consideration such matters.

We are, therefore, of the opinion that said section 758 did not authorize the circuit court to make the order of revivor before set forth.

III.   Nor is the bank relieved of the embarrassing situation in which it finds itself by anything contained in the Practice Act governing this court. There are but four sections of the statute bearing upon the question of revivor of actions in this court, and they are sections 856 to 859, Revised Statutes 1899, inclusive, which read as follows:

"Sec. 856.  If there be several appellants or plaintiffs in error, and one or more of them die before the cause is submitted, such death shall be suggested by the surviving plaintiffs, and if one or more of several defendants die before the cause is submitted, such death shall in like manner be suggested by the surviving defendants.

"Sec. 857.  If there be several appellants or plaintiffs in error, and one or more of them die after the cause is submitted, or if there be several appellees or defendants in error, one or more of whom shall die after the cause is submitted, the appeal or writ of error shall not thereby abate, but in either of such cases such death shall be suggested on the record, and the cause shall proceed at the suit of the surviving appellant or plaintiff in error, or against the surviving appellee or defendant in error, as the case may be."

"Sec. 858.  If all the appellants or plaintiffs in error die after the appeal is taken, or writ of error is brought, and before judgment rendered thereon, the executors or administrators of the last surviving plaintiff or appellant or the heirs and devisees of the plaintiff and appellant, in cases where they would be entitled to bring writs of error, may be substituted for

such plaintiffs, and the cause shall proceed at their suit.

"Sec. 859. If the appellees or a sole appellee, or if all the defendants or a sole defendant in a writ of error die, after the appeal taken or writ of error brought, and before judgment therein, the excutors and administrators or heirs and devisees of such appellees or defendants may be compelled to become parties, and in like manner as in an original suit."

Manifestly, the only one of those sections which could possibly apply to the facts of a case like this is section 858, for the reason that Frederick J. Wilson, the only appellant in the cause, died after the appeal was granted and before a judgment had been rendered therein by this court. But that section only authorizes the suit to be revived in the names of the executors or administrators, or in the names of the heirs and devisees of the appellant; and does not authorize a *substitution* in the name of a stranger who claims to have acquired the interest of the appellant in the subject-matter of the suit by contract, subsequent to the granting of the appeal. Not only that, but the grant of authority to this court to revive the cause in the names of the executors or administrators, or in the names of the heirs and devisees of the appellant, after appeal taken and after the death of the appellant, excludes the idea that the suit may be revived in the name of any one else after the happening of those events, either in this court or in the circuit court. That was the contention of counsel for the company in the case of Crawford v. Railroad, supra.

The writer had the honor of presiding over the circuit court which tried that cause, and concurred in the views of counsel to the extent that, literally speaking, after the appeal had been taken to this court, the circuit court had no jurisdiction to set aside the order granting the appeal and enter an order of revivor in the name of the administrator, etc., but it was of the

opinion, and so held, that it was not the intention of the Legislature by that section of the statute to abolish the well-settled law of the State which authorized the trial court during the term at which a judgment was rendered to set the same aside, and to make such alterations and amendments thereto as right and justice should demand. So, acting under that well-settled law, the trial court set aside the order granting the appeal, and made an order reviving the cause in the name of the administrator, etc. On appeal to this court the action of the trial court was affirmed. But this court went further and properly held that the circuit court would not have had that power and authority if the term of court at which the judgment was rendered had fully lapsed prior to the time the order of revivor was made. [Crawford v. Railroad, 171 Mo. l. c. 75, and cases cited.]

In the case at bar the term had fully lapsed at the time when the circuit court made the order reviving the cause in the name of the bank. According to the case before cited that court had no power or authority to make the order; and we must therefore hold the order of the circuit court reviving the cause in the name of the Second National Bank of Jackson, Tennessee, to be null and void.

This view deprives this court of all authority to investigate and pass upon the merits of the case.

We are of the opinion that the judgment should be affirmed, and it is so ordered.

All concur.