## JULIA MINTON et al. v. ALMARINDA STEINHAUER, Appellant.

Division One, May 31, 1912.

1. ABATEMENT OF ACTION: Ejectment: Transfer of Property by Plaintiff: Revivor. An action in ejectment does not abate by reason of the fact that the original plaintiff, after judgment and pending appeal, conveyed the land in fee to another and then died. The method of revivor in the Supreme Court, after *sci. fa.* and upon stipulation bringing in the heirs and legal representatives of the respondent, was the proper and only method in which the action could have been revived in this court, except by consent of all the parties in interest entered of record.

2. LEASE: Ending Term: Ejectment. A lessor may not bring ejectment for the premises before terminating a letting thereof in the manner prescribed by law.

3. ————: Tenancy from Year to Year. A lease set out in the opinion is *held* to create a yearly tenancy, and a holding over continued the same tenancy, since that was the intention of the parties.

4. ————: ————: Ending Term: Notice. A tenancy from year to year can only be ended by the giving, not less than sixty days before the end of the year, of notice in writing by the landlord to terminate the same.

Appeal from Holt Circuit Court.—*Hon. W. C. Ellison*, Judge.

REVERSED AND REMANDED.

*T. C. Dungan* for appellant.

*H. T. Alkire* for respondent.

BOND, C.—Plaintiff brought ejectment for four lots as described in the dedication of land for a site for the town of Fortescue, Holt county, Missouri, made by Jacob Book and recorded on the 8th day of August, 1890. Defendant answered (1st) by a general denial; (2d) a plea of the Statute of Limitations, and (3d) that the lots in question were part of a tract of land purchased by one Book on April 7, 1887, and laid off and platted and dedicated to public use as a site for the town of Fortescue; that while he owned said land, the said Book sold to defendant the four lots described in plaintiff's petition and another small strip for twenty-five dollars per lot, to be paid when a good deed could be made; that defendant went into possession under this contract and before her grantor filed the plat of his dedication for record; that she built a house worth $400, a stable worth $100, and other improvements on said lots—all aggregating $600; that subsequently litigation affecting the title of her grantor took place, wherein the deed held by him was adjudged to be a mortgage, and a redemption was had by the mortgagor, who afterwards conveyed the lands to plaintiff; that defendant offered plaintiff payment of the price which she agreed to give but plaintiff declined to receive it or to give her a deed; that his purchase was with full knowledge of her rights in the premises; that plaintiff by frauds and threats induced defendant to affix her name to the following contract, to-wit:

## "LEASE OF FARM.

"This indenture made July 29, 1903, between John R. Minton, first party, and Almarinda Steinhauer, second party, Witnesseth: That first party, in consideration of covenants and agreements to be kept and performed by second party, demised and leased to second party all those premises in Holt county, Mo., described as follows, to-wit: Lots twelve

(12), thirteen (13), fourteen (14) and fifteen (15) in block number one (1) in the town of Fortescue in Minton township, Holt county, Mo., as same are designated upon the recorded plat of said tow  To have and to hold for a term commencing on the 1st day of March, A. D. 1903, and ending on the last day of February, A. D. 1904.

"Second party agrees to pay said first party as rent for said premises ten ($10) in cash on or before the 1st day of December, 1903, second party nor her legal representatives to assign without written assent of first party and to deliver premises in good repair at termination of lease.

"It is understood that the buildings now standing upon said land belong to said Almarinda Steinhauer and she the said Almarinda Steinhauer is permitted to remove said house from said land at the termination of this lease. It is further positively understood and agreed that said second party waives any and all notice to quit said premises and promises to vacate said property at the termination of this lease and peaceably deliver up to said first party the possession thereof at the termination of this lease without any notice whatever so to do."

Defendant prayed that plaintiff be decreed to execute a deed to her upon payment of the purchase price of the lot. Issue was joined. There was evidence of a record title to the land in plaintiff, and that defendant had accepted from him the above lease of the land, and that plaintiff obtained from defendant twenty dollars, which he claimed was rent for two years, but which she claimed was a payment on the purchase price of the lots. Plaintiff testified he gave defendant a notice to terminate her tenancy on the 29th of January (the year not given) in thirty days from that date. The evidence was conflicting as to the acceptance of the lease by defendant. She testified that she signed the paper without reading or under-

standing it; that she did so because plaintiff and his attorney threatened to put her out of her house; that they came to her three times to get her signature. Plaintiff's attorney testified that he read the paper over to her.

The court rendered judgment for possession in favor of plaintiff and awarded him fifteen dollars and two dollars per month until possession given, and ordered a writ of restitution.   Defendant appealed. Thereafter the plaintiff died, and the cause was revived in this court on October 10, 1911.   On April 9, 1912, defendant filed in this court a motion to abate and dismiss plaintiff's action on the ground that prior to his death plaintiff had conveyed the land in fee to a third party.

## OPINION.

I.   Under the facts stated, this action does not abate.   The motion to that effect is based upon a misconception of the applicatory law.   [Smith v. Phelps, 74 Mo. 598; State ex rel. v. Philips, 97 Mo. 331; Wilson v. Darrow et al., 223 Mo. 520; R. S. 1909, sec. 1924.]   The fact that the plaintiff died after the judgment in his favor in the trial court and the lodgment of this case in this court by defendant's appeal, did not work an abatement of the action, since the cause of action belonged to that class which survives the "death, marriage or other disability of a party." It being one in which title and possession of real estate were the only issues involved and not a mere personal right to recover, which, with certain statutory exceptions, would abate under the common law upon the death of the party entitled to sue.   [R. S. 1909, secs. 5425, 5426, 5427, 5428.]   It follows that the revivor in this court after a *sci. fa.* and upon stipulation bringing in the heirs and legal representatives of the respondent was the proper and only method in which the action

could have been revived in this court, except by consent of all parties in interest entered of record. The fact that prior to his death the respondent may have conveyed the land sued for to a third party would not as a matter of law require the substitution in this court of such person in the stead of the plaintiff or his heirs and legal representatives in case of his death. [Wilson v. Darrow et al., 223 Mo. 520.] As the case is now revived the legal representatives of the deceased respondent stand in his place and are subject to the same trusts which devolved upon him after his conveyance of the land and prior to his death. The motion to abate this action is therefore overruled.

II. This leaves for review the merits of the case upon the errors assigned by appellant. During the progress of this cause in the trial court, the trial judge used the following language: "Under the present status of the case, counsel for plaintiff resting his case entirely upon the validity of the lease, and the relation of landlord and tenant, and the notice to quit, counsel had better confine himself to that issue. If the court find the lease is void, he will find for defendant. If he will find the lease is good and the proper notice given, he will find for plaintiff. I understand plaintiff's counsel to limit himself voluntarily to that issue. That is the only issue anyhow." It is thus apparent that the single question determined in the trial court was the validity of the lease to defendant and the sufficiency of the notice given to terminate the same.

We will first review the ruling as to the notice to quit, for if that was erroneous it will not be necessary to consider whether the lease was or was not fraudulently procured from defendant, for the law is clear that a lessor may not bring ejectment for the premises before terminating a letting thereof made by him in the manner prescribed by law. [Tarlotting v. Bo-

kern, 95 Mo. 541; Real Estate Co. v. Hotel Co., 202 Mo. 597.]

As to the nature of the lease the plaintiff testified among other things: "It was my intention only to charge her for the use of the land." This is also shown by the terms of the lease itself, for it contains a clause showing that the buildings standing on the land belonged to the defendant and that she was entitled to remove them at the termination of the lease. Under these facts and by the express language of the lease itself a yearly tenancy was created, commencing in March 1903, and ending on the last day of February, 1904, and the subsequent holding over continued the same tenancy, since that was the intention of the parties as shown by the claim of the plaintiff that he had received from defendant rent for *two* years. [Tiefenbrun v. Tiefenbrun, 65 Mo. App. 253; Kroeger v. Bohrer, 116 Mo. App. 208; Lewis v. Perry, 149 Mo. 257.] Under the statutes of this State such a tenancy could not be dissolved by the giving of a notice to terminate it in one month. The statute authorizing the termination of tenancies upon prior notice of one month applies to tenancies for less than one year and to oral leases of buildings and structures as well as the premises occupied by them in cities, towns or villages. [R. S. 1909, sec. 7883; Kroeger v. Bohrer, 116 Mo. App. 208; Delaney v. Flanagan, 41 Mo. App. 651.] In the case of a tenancy from year to year, such as the one under review became after a holding over with that intention [Tiefenbrun v. Tiefenbrun, 65 Mo. App. 253] the tenancy can only be ended by the giving of notice in writing by the landlord to terminate the same not less than sixty days before the end of the year. [R. S. 1909, Sec. 7882.]

The record in this case shows that the tenancy in question, even if it existed, had become a yearly one, and that no notice to terminate the same was given as required by law. It follows that the judgment in

favor of the plaintiff was erroneous. It is therefore reversed, and the cause remanded.

*Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.