CAROLINE CARTER, TRANSFEREE OF FRANK CARTER, APPELLANT, v. RUSSELL DECKER, RESPONDENT.—199 S. W. (2d) 48.

St. Louis Court of Appeals. Opinion filed January 21, 1947.

*Jesse E. Bishop* for appellant.

778

*Louis B. Sher* and *Joseph Necessenfeld* for respondent.

McCULLEN, J.—This suit was originally begun by one Frank Carter who filed his petition in the Circuit Court of the City of St. Louis on August 19, 1940, wherein he sought to recover from defendant, Russell Decker, on three promissory notes executed by said defendant. The petition was in three counts. The first count alleged that defendant executed a note on March 4, 1930, in the sum of $45, payable to the order of Robert E. Rose eighteen months after the date thereof. The second count alleged that defendant executed a note on March 4, 1930, also in the sum of $45, payable to the order of Robert E. Rose twenty-four months after the date thereof. The third count alleged defendant executed a note on March 4, 1930, in the sum of $1500, payable to the order of Robert E. Rose two years after the date thereof. Each count alleged that the note therein mentioned provided for interest from maturity at eight per cent per annum and that it was endorsed by Robert E. Rose without recourse on him, and that plaintiff was the holder thereof for value before maturity and without notice.

On December 3, 1940, defendant filed an answer which contained a general denial of each and every allegation of the petition and, for further answer, alleged that the note sued on by plaintiff in each of the three counts of plaintiff's petition was made by defendant solely for the accommodation of the plaintiff and for no other purpose; that each said note was wholly without consideration; that defendant was merely a straw party and that plaintiff took said notes with notice of that fact; that the payee, Robert E. Rose, was also a straw party, and that plaintiff was an original party to each of said notes, and that plaintiff was not a holder in due course and not entitled to recover thereon. Defendant's answer was in three counts, answering separately the three counts of plaintiff's petition.

Before the trial of the cause, and while the action was pending, Frank Carter died, and, on February 11, 1942, by an order made and entered of record, the death of plaintiff was suggested by the attorney for plaintiff and, "on oral motion, the cause ordered to stand revived

in the name of Caroline Carter, administratrix of the estate of Frank Carter, deceased, unless good cause be ·shown'' to the contrary. A writ of *scire facias* was ordered to issue for defendant directed to the Sheriff of the City of St. Louis and returnable to the April Term, 1942. The writ was issued as directed. On June 9, 1942, the court made and entered of record an order: ''No good cause having been shown by defendant why cause should not· be revived, it is hereby ordered that the said cause be revived in the name of Caroline Carter, executrix of the estate of Frank Carter, deceased. Captain of petition accordingly amended by by interlineation.'' On June 12, 1942, the order of June 9, 1942, was corrected by an order of the court, as follows: ''Order of June 9, 1942, reviving cause in name of Caroline Carter, executrix of the estate of Frank Carter, deceased, corrected to read, Caroline Carter, administratrix of the estate of Frank Carter, deceased.''

On August 26, 1942, the court made and entered of record an order: ''On oral motion, order of June 12, 1942, correcting record of June, 9, 1942, and showing cause revived in the name of Caroline Carter, administratrix of, etc., is set aside. On oral motion, order of June 9, 1942, reviving cause in the name of Caroline Carter, executrix of, etc., is set aside and writ of *scire facias* heretofore issued on February 11, 1942, is ordered quashed, and for naught held.''

The above proceedings of August.26, 1942, are shown on page seven and continue over onto page eight of the regularly numbered pages of the transcript, after which the proceedings on page eight go on and show that: ''On oral motion, death of plaintiff again suggested, thereupon Caroline Carter, widow of etc., suggests to the court, that she by an order of the Probate Court, is transferee of the above cause, and orally moves the court to revive said cause in her name, and cause revived in the name of Caroline Carter, transferee of etc., unless good cause be shown.''

On said August·26, 1942, a writ of *scire facias* was ordered to issue for defendant, directed to the sheriff· and returnable to the September Term, 1942. Said writ was issued and, on September 1, 1942, the sheriff made his return thereon; after which, on September 16, 1942, defendant filed his return to the order to show cause why the suit should not be revived in the name of Caroline Carter, Transferee, in which return defendant alleged that the court's order to show cause made on August 26, 1942, was null and void, and defendant set forth therein a number of grounds· of objection to the revivor, among them being one in which defendant alleged that the court had no authority or power to enter its order of revivor and no authority to issue a writ in behalf of Caroline Carter, Transferee, on a mere oral motion. Defendant also alleged in said return that no evidence was offered to support the court's action and that no notice of said

proceeding had been given to defendant. Defendant prayed in his return that the cause abate under the statutes governing revivals.

The transcript of the record show a specially inserted page, between pages seven and eight, which is numbered "7 a." This special page "7 a" shows that the attorneys for Caroline Carter filed in the court on August 26, 1942, a paper memorandum in writing, signed by said attorneys, which reads as follows:

"Death of plaintiff again suggested to the court, thereupon Caroline Carter, widow of Frank Carter Deceased suggests to the Court that she by an order of the Probate Court, City of St. Louis, is transferee of the above entitled cause and orally moves the court to revive said cause in her name and it is ordered by the court that said cause stand revived in the name of Caroline Carter, transferee of the assets of Frank Carter Deceased, unless good cause be shown against such revivor; writ of *scire facias* ordered to issue to Sheriff of City of St. Louis returnable to the September Term, 1942."

The transcript of the record shows that on May 22, 1945, defendant's return to the order to show cause why this suit should not be revived was presented and submitted to the court and overruled, the court making and entering of record on that day the following order:

"No cause having been shown why this action should not be revived as ordered by this court on August 26, 1942, defendant's return to order to show cause why this action should not stand revived, (overruled). It is ordered that order August 26, 1942, reviving this cause in the name of Caroline Carter, transferee, shall stand. (Judge ready)."

We gather from the briefs of the parties that the two words in parentheses in the last above quoted matter should be taken as "Judge Ruddy"—that being the name of the Judge then presiding in Division No. 1 (Assignment Division) of the Circuit Court, and who made said order before the cause was assigned to Division No. 8 of the court for trial.

The cause was tried before Judge KIRKWOOD in Division No. 8 of the Circuit Court on October 16, 1945, the parties having stipulated on that date in said court that a jury was "waived by consent."

At the beginning of the trial plaintiff, Caroline Carter, Transferee, offered in evidence the three promissory notes described in the petition, following which offer defendant's counsel said: "If the court please, at this stage of the proceeding, the defendant challenges the jurisdiction of this court, not only to determine and try this case and will file a motion to dismiss cause, because it is the contention of the defent that this court, Division No. 8 thereof, has no jurisdiction to try this case and because these matters appear on the face of this record— I desire to present a motion to dismiss this cause and I will give Mr. Bishop a copy of it. (Handing motion to the court).' The motion to dismiss, thus presented to the court by defendant, is of considerable

length and need not be set forth here in full. It is sufficient for our purpose here to say that the motion alleges that it appears from the face of the record that the purported order of revival made by Division 1 of the Circuit Court on May 22, 1945, is null and void because it appears from the face of the record that the order to show cause issued in Division 1 of the Circuit Court was not prosecuted by the plaintiff within the time required by law; that plaintiff's application remained in the files of the court with no action of any kind taken by plaintiff to establish the same until April 13, 1945; that when said application was then presented by plaintiff for the first time, more than three terms had elapsed after the suggestion of death of the plaintiff; that plaintiff had failed to comply with the requirements of the statutes, Section 1042 and those following, to and including Section 1047, Revised Statutes of Missouri 1939, governing revivals.

The court reserved its ruling on defendant's motion to dismiss plaintiff agreeing in open court that by proceeding with the trial no right of the defendant would be waived. Plaintiff then offered in evidence the file of the Probate Court of the City of St. Louis in the estate of Frank Carter, deceased, and the testimony of a deputy clerk of said court to show: (1) Inventory of the three promissory notes in suit as a part of the assets of the estate of Frank Carter; and (2) an order of said Probate Court dated July 17, 1942, allowing the widow of Frank Carter, out of the estate, $400 as her absolute property, and $1800 for one year's support, and authorizing the transfer of all of the assets inventoried to the widow in partial satisfaction of said allowance, and ordering "no further process" in said estate.

Defendant, by his counsel, objected to the admission in evidence of the notes "in view of the pleadings in the case." The notes were taken by the court, subject to defendant's objection, the court reserving its ruling thereon. Defendant then offered the following instruction: "At the close of the Plaintiff's case, the court declares under the law and the evidence that its judgment must be for the defendant"; and later, after considerable colloquy between counsel for the parties and the court, counsel for defendant orally asked the court "for a directed verdict at the close of plaintiff's case," which the court stated it would take under advisement and hold its ruling thereon in abeyance.

Defendant offered no evidence and plaintiff filed a written motion for a directed verdict in her favor on all three counts of the petition, at the close of the entire case, on the ground that "*Prima facie* case was submitted by plaintiff and no defense was offered." The cause was then taken by the court as submitted.

On January 7, 1946, plaintiff's motion for a directed verdict was overruled and defendant's motion for a directed verdict was sustained by the court, and judgment was entered in favor of defendant and against plaintiff. The court also filed at said time a written memo-

randum setting forth the reasons for its decision, which were to the effect that the requirements of the law for a revival of the cause in the name of Caroline Carter, as alleged transferee, had not been met; that no motion for such revival had ever been filed; and that "there is no basis in the record for the so-called conditional order of revival on behalf of a stranger to the record entered *ex parte* and without any showing of a right thereto." The court further stated in its memorandum that: "The time for revival being long ago passed, the purported revival of the cause is void, and therefore the motion to dismiss should be sustained."

Plaintiff contends that Division No. 8 of the Circuit Court had no right to set aside the absolute order of revivor theretofore entered by Division No. 1 of the court. It is argued that the absolute order of revivor made on May 22, 1945, in favor of Caroline Carter as transferee, by Judge RUDDY in Division No. 1 of the Circuit Court, was tantamount to a judgment in this respect, and Division No. 8 of the same court was without right or jurisdiction to reconsider the matter; that as far as Judge KIRKWOOD, sitting in Division No. 8, was concerned, the question of revivor was *res adjudicata*.

A number of cases are cited by plaintiff in support of her contention, but we believe it would serve no useful purpose for us to discuss said cases because we are of the opinion that our decision in this case must be controlled by the decision of our Supreme Court in the case of *Wilson v. Darrow*, 223 Mo. 520, 122 S. W. 1077. In said *Wilson* case it was specifically held that a written motion setting forth facts showing the right of a transferee to be made a party to the suit must be filed in the court. We shall refer further to said *Wilson* case later herein.

A reading of the record herein shows that Caroline Carter never did file a written motion in the cause setting forth facts by which she claimed to be the transferee of the right of Frank Carter and his successor in interest. It is true there was an oral request for a revivor of the cause in her name, but that was not a compliance with the requirements of the statutes covering revivals.

At the time of the suggestion of the death of Frank Carter herein the applicable statutes governing abatement and revivor were Sections 1042, Revised Statutes Missouri, 1939, *et seq.*, Mo. Revised Statutes Annotated, Sec. 1042 *et seq.* Said Section 1042 provided:

"No action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue. In case of the death, marriage or other disability of a party, *the court, on or before the third term after the suggestion of such death, marriage or disability, may, on motion, order the action to be continued by or against the representative or successor of such party in interest.* When the cause of action does not survive, the action shall abate only as to the

deceased parties, and shall continue as to the survivors, if any, without a revival thereof." (Emphasis ours.)

Section 1047, Revised Statutes Missouri, 1939, Mo. Revised Statutes Annotated, Sec. 1047, which also was in effect at said time, provided:

"In all cases where the representative of a deceased or disabled party shall not be made parties according to the provisions of this article, *on or before the third term after the suggestion of the death or disability, the action shall abate as to such party and the interest of his representatives or successor therein*; and the cause shall proceed in favor of or against the survivors. In case there be no surviving plaintiff or defendant, the suit shall be dismissed." (Emphasis ours.)

Plaintiff's counsel evidently recognizes the authoritative force and effect of the Supreme Court's decision in the case of Wilson v. Darrow, *supra*, construing said statutes and holding that a written motion is a jurisdictional prerequisite to a lawful revivor in favor of a transferee, for he seeks to meet that resuirement by having this court treat the paper memorandum filed on behalf of plaintiff on August 26, 1942, as a written motion for revivor.

We are unable to agree that said paper memorandum constituted a motion in writing addressed to the court. The memorandum states on its face specifically that the motion requesting revivor was "oral." The paper memorandum is merely a narrative of past events showing that the court had acted on the "oral motion." It merely recites that the death of plaintiff has been suggested to the court and that Caroline Carter, widow of Frank Carter, suggests that she, by an order of the Probate Court, "is transferee of the above entitled cause and *orally* moves the court to revive said cause in her name." (Emphasis ours.) The remaining part of said memorandum shows clearly that it is a mere narrative of action already taken by the court and is in no sense a motion addressed to the court invoking the court's action for revivor. Furthermore, it is clear from the transcript of the record that the action of the court was based upon the "oral motion" and not upon the paper memorandum. The memorandum was obviously for the information and benefit of the clerk of the court to enable him to keep his record of the proceedings of the court. The memorandum is not addressed to the court and does not contain any prayer for any action by the court. It has none of the necessary elements of a motion. It is too plain for serious discussion that there was no intention of having the memorandum treated as a motion in writing asking for revivor at the time it was filed. The idea of treating said paper as a motion clearly appears to be an afterthought.

The practice and procedure in relation to the subject of abatement and revival of an action are set forth clearly and concisely in Bacon's Missouri Practice, Vol. 1, p. 318, as follows:

"The representatives of a deceased party may appear and ask to be made parties plaintiff or defendant by filing a petition or motion to

that effect. *This petition should be verified by affidavit, so that the court may see that he applicants are not impertinently interfering in a matter which does not concern them.* The motion should set out the facts which give the parties a right of action in the case, showing how they represent the deceased, and pray the proper process.'' (Emphasis ours.)

In the case of *Wilson v. Darrow, supra,* our Supreme Court gave an exhaustive and clear statement of the purposes and intent of the Legislature in enacting the statutes covering abatement and revivor of actions. The statutes were then Sections 756 *et seq.*, Revised Statutes Missouri 1899, but they remained unchanged throughout the years down to and including the Revised Statutes of 1939, except as to their section numbers. Said statutes were invoked by defendant herein under their 1939 section numbers, namely, Sections 1042, Revised Statutes 1939, *et seq.* Therefore, what the Supreme Court said in Wilson v: Darrow, *supra,* with respect to said statutes, still is the law and applicable to the orders of revivor and orders to show cause that were made in the case at bar in Division No. 1 of the Circuit Court—our new Civil Code having not gone into effect until January 1, 1945.

The above mentioned case of *Wilson v. Darrow* was a suit to determine title to real estate. There was a judgment for defendants in the January Term of the Circuit Court. Plaintiff appealed during that term and was granted leave to file a bill of exceptions during the May Term, 1907, the time being later extended to the October Term, 1907. On November 7, 1907, the death of plaintiff was suggested and the heirs of plaintiff asked that the cause be revived in their names. On the following day a suggestion of death of plaintiff was made by the Second National Bank, and an order was entered conditionally reviving the cause on the ''oral motion'' of said bank in its name, and an order to show cause why the cause should not stand revived was issued returnable to the next term. There was no service on the defendants and later an order of publication was quashed on the special appearance of the defendants. During the October Term, and after the conditional revivor, the Bank was permitted to file a bill of exceptions in the appeal, but a motion was filed in the Supreme Court to quash the bill of exceptions. The Supreme Court sustained said motion and held that the order reviving the cause in the name of the Second National Bank, and authorizing it to file the bill of exceptions, was a nullity.

The Supreme Court, in a carefully written opinion in said *Wilson* case, *supra,* pointed out that the statute, then Section 756, Revised Statutes 1899, provided that the court ''may, on motion, order the action to be continued by or against the representative or successor of such party in interest.'' The court then said: ''Section 640, Revised Statutes 1899, provides that 'all motions shall be accompanied

786

by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion.'" (Said Section 640, R. S. Mo. 1899, also remained unchanged throughout the intervening years and became Section 964, R. S. Mo. 1939.) The court then quoted with approval from 18 Ency. of Plead. and Prac., p. 1128, par. 5, the following: "Revivor of actions being purely statutory in its origin, the modes provided by the codes and statutes of the various States *are exclusive, and the courts cannot grant such benefit by any other method.*" (Emphasis ours.) In this connection, the court further said: "A failure to make such a charge in the motion is jurisdictional and can be raised at any state of the proceedings, even for the first time in this court. (Citing cases)." Continuing its analysis, the court said that a distinction should be drawn where the heirs or personal representatives of a deceased plaintiff suggest the death, because in such a situation the law casts the title of the deceased in and to the subject matter of the suit upon the heirs, when it concerns real estate, and upon the executor or administrator when personalty is involved, thereby leaving no issue of fact to be determined regarding the claim of ownership of the property. Continuing, the court said that where a stranger asserts title to the property good pleading and practice "require that such claim should be formally presented to the court, the evidence heard, and a formal finding and order or decree made determining that question." Further analyzing the statutes, the court said that the reason for requiring a new plaintiff to make formal charges and proofs of ownership in such case is the same as that which requires the original or deceased plaintiff to do so, namely, that the law will not permit a person to maintain an action against his neighbor unless he first charges ownership or the right to possession of the property claimed and files his petition in court setting forth the nature of his claims and proves his claims by a preponderance of the evidence to the reasonable satisfaction of the court or jury; that otherwise he would be taking property without due process of law.

In concluding this part of its opinion, the court said:

"Doubtless this was the design of the Legislature in empowering the circuit courts, the triers of the facts, by section 764, Revised Statutes 1899, to substitute the name of a transferee of a cause of action in lieu of the plaintiff bringing the suit, where the transfer had been made subsequent to the institution of the suit, in order that such transfer, when material, might be litigated along with the other facts of the case. That design is emphasized by the fact that the Legislature gave this court no such authority, knowing that it was not a trial court of original jurisdiction; and for that reason withheld from its consideration such matters.

"We are, therefore, of the opinion that said section 756 did not authorize the circuit court to make the order of revivor before set

forth." Wilson v. Darrow, 223 Mo. 520, 533, 534, 122 S. W. 1077, 1080.

The foregoing resume of the Supreme Court's holdings and the quotations from its opinion will be found in Wilson v. Darrow, 223 Mo. 520, beginning at page 531, and in 122 S. W. 1077, beginning at page 1080.

Plaintiff argues that when defendant filed his motion to dismiss at the trial of the case at bar, on October 16, 1945, in Division No. 8 of the Circuit Court, he offered no evidence in support of his motion; that defendant merely alleged in the motion that plaintiff had not complied with all the statutory steps to effectuate the revival of the cause. From this viewpoint, plaintiff argues that Division No. 1 of the Circuit Court having entered a conditional order of revival on August 26, 1942, and having made the order absolute on May 22, 1945, a presumption arose that the court had entered its orders without error. We are unable to agree with plaintiff's view.

We think there was no room for any presumption to arise and that there was no necessity for the offering of any evidence in support of defendant's motion because the question raised by the motion was a question of law arising on the face of the Court's own record as it then stood. Plaintiff relies strongly on the case of *White v. Hoffman*, 331 Mo. 115, 52 S. W. 2d 830, 831. We believe that case affords no support for plaintiff's contention in the case at bar in view of the wide difference in the facts of the two cases. In White v. Hoffman, *supra*, it appears that an absolute order of revival was entered of record within three terms of court. That was within the statutory time. There was nothing whatsoever in the record to show whether a motion to revive had been made or whether the revival was by the voluntary appearance and consent of the parties. The revival having been entered of record within the statutory time, and nothing appearing in the record to the contrary, it would, of course, be presumed that the circuit court proceeded properly. In the case at bar, however, the absolute order of revival was entered many terms more than three court terms after the suggestion of death. Furthermore, in the case at bar the record shows on its face that the conditional order of revivor of August 26, 1942, as well as the absolute order of revivor of May 22, 1945, were entered in favor of Caroline Carter, not in the capacity of executrix or administratrix, but as transferee and, therefore, legally a stranger to the case, and upon a mere oral motion. It thus affirmatively appears that the order in this case was not made by voluntary appearance and consent. The record herein also shown affirmatively that defendant, upon filing his return to the order to show cause why the case should not be revived, objected therein to the revivor, and the revivor was made absolute by the court over defendant's objection. Upon the assignment of the cause to Division

No. 8 of the court for trial, defendant re-stated his objections to the proceeding on the ground of defective revivor.

The point made by plaintiff that defendant entered his appearance generally to this cause by entering into a stipulation to waive a jury in Division No. 8 of the Circuit Court when the case was called for trial there, must also be overruled, because under the doctrine announced by the Supreme Court in Wilson v. Darrow, *supra*, the failure of Caroline Carter to file a written motion setting forth the facts upon which she asked for revival of the cause in her name as transferee was a jurisdictional defect which could not be waived, and, as the Supreme Court pointed out, such question could be raised at any time of the proceedings, even for the first time in the appellate court. Furthermore, under Section 66 of the New Code of Civil Procedure, Sec. 66 Laws of Mo. 1943, p. 375, Missouri Revised Statutes Annotated, Sec. 847.66, which went into effect on January 1, 1945, and was therefore applicable at the time of the order of absolute revivor of May 22, 1945, entering into trial did not constitute a waiver of an objection properly raised by motion.

We are of the opinion that the trial court's action in entering judgment for defendant was correct. The record shows that there was no lawful revivor of the cause in the name of Caroline Carter as Transferee. The statutes covering revival of actions were not complied with, hence the court had no authority to try the cause.

In view of the conclusion which we have reached, it is not necessary for us to discuss other points raised by plaintiff-appellant.

The judgment of the Circuit Court is affirmed. *Hughes, P. J.*, and *Anderson, J.*, concur.