INTERSTATE RAILWAY COMPANY, Appellant. v. MISSOURI RIVER AND CAMERON RAILROAD COMPANY et al.

Division Two, June 28, 1913.

1. **MOTIONS TO STRIKE OUT AND FOR JUDGMENT ON THE PLEADINGS: Matter of Exception: How Preserved.** A motion to strike out part of a pleading, as well as a motion for judgment on the pleadings, is matter of exception which must not only be preserved in a bill of exceptions, but must also be called to the trial court's attention in a motion for a new trial, and the motion for new trial and the exception to the overruling of same must be preserved by proper bill of exceptions before the matter can be reviewed on appeal.

2. **DEMURRER: For Failure to State Facts Constituting Valid Defense: Overruled if Any Defense Stated: Record Proper.** A general demurrer going to the whole case is a part of the record proper, but whether a demurrer to one paragraph of an answer is a part of such record is a matter of doubt not decided, because, even assuming that it is, where, as in this case, plaintiff filed a demurrer to paragraph one of defendants' answer on the ground that it did not state sufficient facts and in reality a part of paragraph one did state facts constituting a defense, the demurrer was rightly overruled. Whenever the

answer, or that portion at which the demurrer is pointed, does state facts which would constitute a valid defense in whole or in part, the demurrer should be overruled, notwithstanding there may be some parts of the pleading attacked which would be demurrable.

3. ————: **Overruled: Proceedings at Trial Not Preserved for Review.** Error is not to be presumed; and even assuming that the trial court erred in overruling plaintiff's demurrer to paragraph one of defendants' answer, yet plaintiff had left to it a sufficient way to maintain its point by objecting to any evidence which might be offered by defendants in support of that paragraph, and where those matters are not properly preserved for review, and the judgment was general, the Supreme Court is precluded from considering the sufficiency of the paragraph in question to state a defense.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*George H. English, Jr., Edward C. Wright, Ernest D. Martin* and *Gerson B. Silverman* for appellant.

*Frank Hagerman* and *Beardsley & Beardsley* for respondents.

(1) While the motion to strike was preserved in a term bill of exceptions, there was no final bill of exceptions preserving the motion for new trial, and this is fatal to the right of review. Coffee v. Carthage, 200 Mo. 616, 629, 630. This is but an application of the rules that all matters of exception must be always again brought forward by a motion for new trial. Collins v. Saunders, 46 Mo. 389; Acock v. Acock, 57 Mo. 154, 156; Williams v. Railroad, 112 Mo. 463, 485; Childs v. Railroad, 117 Mo. 415; Gardner v. Railroad, 223 Mo. 413; Railroad v. Wyatt, 223 Mo. 347; Bank v. McMenamy, 35 Mo. App. 198; Paving Co. v. Benz, 81 Mo. App. 246. And that no motion for new trial can be considered unless incorporated in a bill of exceptions. Collins v. Barding, 65 Mo. 496; State v.

Gordon, 117 Mo. 387; Turley v. Barnes, 131 Mo. 548; Stark v. Zehnder, 204 Mo. 448. (2) The motion for judgment, upon the pleadings, cannot be reviewed for that the action on the motion was preserved in a term bill of exceptions, but no motion for a new trial was preserved in the final bill. (3) The ruling upon the demurrer cannot be reviewed because it was not called to the attention of the court in appellant's motion for new trial, and there was no final bill of exceptions preserving a motion for new trial, calling attention to the alleged error. The action upon the demurrer was clearly matter of exception. Williams v. Railroad, 112 Mo. 485; Paving Co. v. Benz, 81 Mo. App. 246. So that the points made as to the rulings upon the motion to strike are plainly applicable.

WILLIAMS, C.—By this suit the plaintiff company seeks to permanently enjoin the defendants from interfering with plaintiff's enjoyment of its alleged right of way, which it has acquired or is about to acquire for the purpose of building a railroad from Kansas City, Missouri, to St. Joseph, Missouri. The allegations of the petition are, in substance, as follows:

That the plaintiff is a corporation, duly incorporated under article 11, chapter 12, Revised Statutes of Missouri, 1899, and as such corporation has power to construct and maintain a railroad for public use from the city of Kansas City through the counties of Clay, Platte and Buchanan, to the city of St. Joseph, Missouri; that it has laid out, platted and surveyed its line of railroad between said two points, reciting the sections and townships through which the same runs, and that it has filed its profile maps of said route in the office of the clerk of the county court of each county through which said road is to be made; that plaintiff has secured contracts for deeds for said right of way from a majority of the property-owners along said route, and is intending to build its said road along said route; that it has in good faith begun

condemnation proceedings in the circuit courts of
Platte and Buchanan counties to appropriate lands
for its right of way not heretofore contracted for or
deeded to plaintiff, and that it has in good faith be-
gun the work of constructing a railroad upon said
surveyed route and right of way; that "plaintiff is
informed and believes, and states the facts to be upon
information and belief," that during the months of
March and April, 1909, unlawfully and in violation
of plaintiff's rights, the defendants "wilfully, falsely,
maliciously and wrongfully represented to parties hav-
ing heretofore contracted to sell their lands to plain-
tiff company, that the contracts heretofore secured
and now owned by the plaintiff company were null
and void," and by such wrongful statements induced
some of the property owners along plaintiff's proposed
right of way to grant to some of the defendant com-
panies a right of way over the same lands, and that
the defendants are continuing to so represent and to
so fraudulently induce; that none of the defendants
have made a bona fide survey for their railroad, and
have not filed profile maps, as required by law, "but,
on the contrary, before even making a preliminary
survey, filed what purports to be a profile map of the
route to be adopted by them, which covers a great
portion of plaintiff's adopted line or route, and which
were in fact filched from and are mutilated copies of
profiles, maps and surveys heretofore in good faith
filed by this plaintiff;" that the defendant "fraudu-
lently, maliciously, wrongfully, wilfully and falsely
represented" to certain owners of property along the
right of way contracted for by plaintiff that plaintiff's
contracts and franchises had expired and become void,
and that the defendants were the same plaintiff com-
pany, and thereby induced such property owners to
make new contracts with the defendant companies in
the belief that they were in fact renewing the original
contracts which they had made with plaintiff, and that

plaintiff notified the defendant companies of plaintiff's rights in the premises, and requested the defendants to desist from further trespassing on its rights, but that, notwithstanding the same, defendants are proceeding in their said work of misrepresentation and of purchasing the right of way heretofore appropriated by the plaintiff, and are threatening to and are about to enter upon said lands and begin the construction of a road thereon; that the contracts, deeds or other conveyances taken by the defendants are a cloud on plaintiff's title to said right of way; that plaintiff's right of way passes through 185 different tracts of land, and that unless the defendants are enjoined from continuing to trespass and infringe upon plaintiff's rights the plaintiff will be compelled to file and defend a large number of actions at law and equity for the protection of its said right of way, and endless litigation will ensue therefrom; that defendants are wholly insolvent, and that by reason of the premises plaintiff is without adequate remedy at law.

The prayer of the petition is, in effect, that defendants and their agents be restrained from continuing the acts complained of, and that upon a hearing, each of such contracts and conveyances taken by defendants in violation of plaintiff's rights as aforesaid be declared void, that their pretended filing of maps be stricken from the records, and that defendants be permanently enjoined from constructing a railroad upon plaintiff's right of way, and that plaintiff's title to its right of way as heretofore appropriated be ratified and confirmed in plaintiff, and for such other relief as to the court might seem just and proper.

The essential portions of defendants' joint answer are as follows:

"1. These defendants deny that the plaintiff, the Interstate Railway Company, is a corporation duly organized under the laws of the State of Missouri, and allege that if the plaintiff company was ever at any

time properly incorporated under the laws of the State of Missouri, and existed as a corporation, it ceased to so exist by reason of the failure upon its part to comply with the provisions of Sec. 1161 of the Revised Statutes of the State of Missouri, 1899, in that it did not, within two years after its articles of association were filed and recorded in the office of the Secretary of State, begin the construction of its road, and within one year thereafter expend thereon not less than ten per cent on the amount of its capital."

(Paragraphs 2 and 3 of the answer admit the incorporation of certain of the defendant companies, and that certain of the individual defendants are officers and agents of defendant companies.)

"4. And these defendants, further answering, deny each and every allegation in plaintiff's petition contained."

(Note: Paragraph 4, as copied, is as it stood after being amended by striking from the original the word "other," which appeared before the word "allegation," and by striking out the words "except as the same may be specifically hereinafter admitted," which appeared after the word "contained.")

"5. Further answering, these defendants say that the defendant, The Jackson County Junction Railway Company, is a *railroad* corporation, organized and existing under the laws of the State of Missouri, for the building of a railway from a point about one hundred and seventy feet south of the south harbor line of the Missouri river, as established in 1904 in Kansas City, Missouri, to a point on the State line between the States of Kansas and Missouri, about four hundred and fifty feet north of the southwest quarter of section thirty-one, township fifty-four, range thirty-three west, in Jackson county, Missouri, and about four hundred and eighty feet south, measuring along the State line of Kansas and Missouri, of the south harbor line of the Missouri river established in 1904;

and the Kansas City Junction Railroad Company is a
*railroad* corporation organized and existing under
the laws of the State of Kansas for the building of a
railroad from the point last aforesaid to a point on.
the south bank of the Missouri river north of Kansas
City, Kansas; and the Lewis Bridge Company is in-
corporated and existing under the laws of the State
of Missouri for the purpose of building a bridge across
the Missouri river to a point at the place aforesaid;
and the Missouri River & Cameron Railroad Com-
pany is *a railroad corporation, incorporated under the
provisions of chapter 12, article 2, of the Revised
Statutes of Missouri for 1899 and amendments
thereof,* incorporated for the purpose of building a
railroad begining at the point last aforesaid and ex-
tending in a northerly direction to Linkville, in Platte
county; thence northeasterly to Smithville, in Clay
county, and to Lathrop, in Clinton county, with ex-
tension and branch running from and connecting with
the line last aforesaid at or near Linkville, in section
eighteen, township fifty-two north, range thirty-three
west; thence in a northwesterly direction to a point
on the north line of section thirty-one, township fifty-
four north, range thirty-four west, near Camden
Point, in Platte county, Missouri; thence from the
point last aforesaid, in a northerly and northwesterly
direction, to the north line of Platte county, Missouri,
at a point in section thirty-six, township fifty-five
north, range thirty-four west, between the present line
of the Chicago Great Western Railroad and the east
line of said section thirty-six, and thence from the
point last aforesaid, northerly and northwesterly in
Buchanan county, Missouri, to a point in section
thirty, township fifty-seven north, range thirty-five
west.

"That these several corporations were organized
for the purpose of consolidating them into one contin-
uous line of railway hereafter, runing from a point

south of the Missouri river, near Broadway, in Kansas City, Missouri; thence to the west line of the State of Missouri, and thence to the Missouri river at a point north of Kansas City, Kansas; thence across the Missouri river, and thence, as hereinbefore described, by the lines of the Missouri River & Cameron Railroad Company.

"That pursuant to these plans the Jackson County Junction Railway Company has caused accurate surveys to be made, and has filed in the office of the county clerk of Jackson county, Missouri, a map showing its proposed right of way as adopted by its board of directors, together with a profile map of the proposed route, and has taken all other steps necessary and preliminary for the beginning of condemnation proceedings, and has already filed its petition for such condemnation in the circuit court of Jackson county, Missouri, at Kansas City, which proceeding is now pending in that court, and has proceeded to the point where all necessary parties defendant having been brought into court, commissioners have been appointed by the court to assess the value of the lands proposed to be taken by that company in Jackson county, Missouri; and proceedings in condemnation have been had by the Kansas City Junction Railroad Company in Wyandotte county, Kansas; all preliminary steps therefor have been taken, commissioners having been appointed, and the award of the commissioners having been filed covering the line of the right of way of that company in Wyandotte county, Kansas, which is all of the line of that company from the Missouri-Kansas line aforesaid to a point on the bank of the Missouri river north of Kansas City, Kansas; and the said Missouri River & Cameron Railroad Company has had *actual* surveys made, and has *already and prior to the adoption of any line by plaintiff, or filing of any proper map by it,* filed in the offices of the clerks of Buchanan county, Missouri, and of Platte

county, Missouri, a profile map of the route intended to be and *then* already adopted by said company in said respective counties, which maps show the actual survey, location and distance of the railroad through the congressional section through which such railroad runs, also the track and the number of miles of main and side tracks of such road in such counties, and which maps are certified by the president and engineer of the company, and has proceeded diligently upon the securing of the right of way along its proposed line of road in said counties of Platte and Buchanan.

"That in the securing of the right of way and of the lands necessary for the carrying out of the proposed completed railway project, about $159,000 have been already in good faith expended, and the necessary permission has been obtained from the United States Government for the building of a bridge across the Missouri river at the place hereinbefore described for the connecting of the lines of The Kansas City Junction Railroad Company and the Missouri River & Cameron Railroad Company.

"That the several defendant companies and their officers and agents are proceeding in good faith in the securing of the necessary rights for the building and equipping of a continuous railroad along the lines hereinbefore described.

"That defendants specifically deny that they or either of them, or any agent or employee acting by their authority or by their direction, has wilfully or falsely or maliciously or wrongfully made any representation whatsoever to parties owning lands along the line of the proposed right of way. They have said to landowners along said proposed right of way when the question has arisen, *and now here reaffirm the truth of such statements, viz.*: That the Interstate Railway Company no longer has any claim or right in any part of the lands along the proposed right of way of the Missouri River & Cameron Railroad Company,

having in many instances where it had options upon right of way across lands not exercised that option within the time in the option provided, and that said Interstate Railway Company has ceased to exist as a corporation, because it had not complied with the provisions of the laws of the State of Missouri, *and had abandoned its charter plans.* These statements were made by defendants and their agents in good faith, believing that the said Interstate Railway Company had ceased to have (if it ever had) any right of way over and across the lands aforesaid along the line of the route proposed to be taken by the Missouri River & Cameron Railroad Company.''

Attached to the answer is an affidavit by one of the defendants to the effect that all allegations of paragraph one of the answer are true.

Before replying, plaintiff filed a motion to strike out paragraphs one and five, said motion to strike out assigning as reasons therefor ''that said portions of said answer are not responsive to the issues of plaintiff's petition; they are *wholly immaterial to the issues of this case*, and constitute no defense to the cause of action in plaintiff's petition set forth.'' This motion to trike out was overruled by the court. Plaintiff then filed a demurrer to paragraph one of the answer, alleging as grounds of demurrer, ''that said paragraph fails to state facts sufficient to constitute a defense to this action, and that the defendants have not the legal capacity to set up such defense;'' which demurrer was overruled by the court. Thereafter plaintiff filed its motion for judgment on the pleadings, which motion for judgment was overruled.

After these motions were passed upon, defendants were permitted by the court to make slight amendments to the answer by interlineations and by striking out certain words and phrases. The interlineations thus made are shown by italics in the above copy of the answer.

Plaintiff filed term bill of exceptions containing plaintiff's petition, defendants' answer, motion to strike out, demurrer, motion for judgment on the pleadings, and the court's ruling on said motions and demurrer. Afterwards plaintiff filed its reply, which was a general denial. Later trial was had before the court. The court found the issues for the defendants and against the plaintiff, and entered the following judgment:

"Now on this 29th day of October, 1909, comes plaintiff by its attorneys, George H. English, Edward C. Wright and Ernest D. Martin, and defendants by their attorneys, Beardsley, Gregory & Kirshner and William G. Holt, and this cause coming on to be heard on plaintiff's amended petition and the amended answer of the defendants and plaintiff's reply, and the evidence produced by both parties upon the trial, the court having heard all of the evidence and being fully advised in the premises, doth find the issues for the defendants and against the plaintiff; and being requested by plaintiff to make specific findings of fact and to announce conclusions of law, doth make certain findings, and doth refuse certain findings requested by plaintiff, and doth file said findings and conclusions with the official stenographer, and doth order them to be made a part of the bill of exceptions herein. And the court doth further find that plaintiff is not entitled to the relief asked for in its petition.

"Wherefore it is ordered, adjudged and decreed by the court that the temporary injunction heretofore granted herein be and the same is hereby dissolved, and that the defendants recover of plaintiff their costs and have execution therefor."

Plaintiff appealed from the judgment. No final bill of exceptions was filed.

I. Appellant first contends that the court erred in overruling its motion to strike out portions of the

**Motion to Strike Out: How Preserved.** answer. Appellant failed to file a final bill of exceptions preserving therein its motion for a new trial, and there is therefore nothing here subject to review except the record proper. A motion to strike out part of a pleading is not a part of the record proper, but is matter of exception which must not only be preserved in a bill of exceptions, but also be called to the trial court's attention in a motion for new trial, and the motion for new trial and the exception to the overruling of same must be preserved by proper bill of exceptions before the matter can be reviewed here. [Shohoney v. Railroad, 231 Mo. 131, and cases therein cited; Coffey v. Carthage, 200 Mo. l. c. 629.]

**Motion for Judgment on Pleadings: How Preserved.** II. What we have said with reference to the motion to strike out is applicable also to the motion for judgment on the pleadings. [Godfrey v. Godfrey, 228 Mo. 507.]

**Demurrers.** III. Appellant in its brief insists that at least the demurrer to paragraph one of the answer is a part of the record proper, and that the court committed error in overruling the demurrer. There can be no question but that a general demurrer going to the whole case is a part of the record proper, but whether a demurrer such as was filed in this case is a part of the record proper there may be some doubt; but we will assume for the purposes of the case that it is of the record proper, and subject to review without the aid of a motion for new trial. Whenever the answer, or that portion at which the demurrer is pointed, does state facts which would constitute a valid defense in whole or in part, the demurrer on the ground that it does not state facts sufficient should be overruled, notwithstanding there may be some parts of the pleading attacked which would be

demurrable. An inspection of paragraph one of the answer discloses that the court did not commit error in overruling the demurrer. The first part of said paragraph reads: "The defendants deny that the plaintiff, the Interstate Railway Company, is a corporation duly organized under the laws of the State of Missouri, and allege," etc. Paragraph one is supported by the affidavit of one of the defendants. This squarely puts in issue the allegation of plaintiff that it is a corporation. [Sec. 1985, R. S. 1909.] The correct rule with reference to demurrers too broad in their scope is stated by PHILIPS, P. J., in Justice v. Town of Lancaster, 20 Mo. App. 559, as follows: "If therefore any matter pleaded tendered any defense in whole or in part to the action, the demurrer was properly overruled."

Furthermore, it might be added that even though the demurrer had been confined to the remaining portion of paragraph one, and it should be further determined that the demurrer thereto should have been sustained, yet it would afford no basis for a reversal of the judgment below, because we would still be in the dark with reference to what occurred on the trial. What occurred at the trial in this case, and upon what evidence or lack of evidence the judgment was based, is, in the absence of a final bill of exceptions and motion for new trial, a sealed book. The judgment is a general judgment. Whether the defendants introduced evidence to support the remaining allegations of paragraph one, and the same was, over plaintiff's objection, admitted, and formed the basis of the judgment, or whether upon the trial the defendants offered such evidence, but, upon plaintiff's objection, it was excluded, or still further, whether the judgment of the trial court was based upon plaintiff's failure to make out a prima-facie case, or whether, after it did make out a prima-facie case, the same was overcome by defendants' testimony, we do not know and are not

at liberty to guess. The burden is upon appellant to point out the error of the trial court which resulted in his injury. Error is not to be presumed. As was well said by LAMM, P. J., in discussing an analogous situation: "So the court is presumed to have proceeded without error, and that presumption abides until an appellant shows us to the contrary. It will not do to overturn a judgment merely because the court at one step, by some ruling on a motion, indicated a questioning or hostile attitude to defendant's position, so long as the ruling left to defendant an open road to maintain in an orderly way its position on the issues framed." [Shohoney v. Railroad, 231 Mo. l. c. 146.]

So in the present case, assuming *arguendo* that the trial court's action in overruling plaintiff's demurrer to paragraph one of the answer was wrong, yet plaintiff had left to it a sufficient way to maintain its point by objecting to any evidence which might be offered by defendants in support of that portion of said paragraph.

As above stated, we have no way of knowing what did occur at the trial, except that there was a general judgment finding the issues against plaintiff and in favor of defendants. Whether the judgment resulted from the contest over the general issue raised by the general denial contained in paragraph four of the answer, or otherwise, we cannot tell. Since this is true, it would serve no useful purpose to determine the validity as a defense of the remaining portions of paragraph one, and that question should be left to be determined when it is a live issue in a proper case.

The judgment is affirmed. *Roy*, C., concurs

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All of the judges concur.