CHARLES P. WONDERLY, Plaintiff in Error, v. LOUIS C. HAYNES, Defendant in Error.

St. Louis Court of Appeals, December 8, 1914.

1. **APPELLATE PRACTICE: Motion for New Trial: Prerequisites to Review.** A bill of exceptions is the sole repository of a motion for a new trial, and unless it is so preserved, the appellate court cannot determine what was prayed for therein.

2. **CIRCUIT COURTS: Presumption of Regularity of Proceedings.** The circuit court is a court of general jurisdiction, and hence every presumption must be indulged in aid of its proceedings.

3. **NEW TRIAL: Effect on Counts Dismissed: Ipso Facto Reinstatement.** The trial court compelled plaintiff to elect on which of two counts in his petition he would proceed. The jury returned a verdict for defendant on the count on which plaintiff elected to stand, and plaintiff took an involuntary nonsuit

as to the other count. Subsequently the court sustained plaintiff's motion for a new trial and set aside the verdict, on the ground that it erred in compelling the election. On a subsequent trial, without the count as to which a nonsuit had been taken being formally reinstated; a verdict was rendered for defendant on both counts. *Held*, that the action of the court in granting a new trial *ipso facto* reinstated said count, and hence the court had jurisdiction to try the issues presented by it notwithstanding it was not formally reinstated by an order of record.

4. ————: **Findings on Several Counts: Issues Retriable.** An order sustaining a motion for a new trial ordinarily leaves the case as though no trial had taken place, except when the petition contains two or more counts and the verdict is for plaintiff on one or more and for defendant on one or more, in which case the granting of a new trial to one of the parties on a count under which the finding was against him does not of itself reopen other counts well tried and decided in his favor.

5. ————: **Scope: Issues Retriable.** An order granting a new trial, unless otherwise limited, will be presumed to award a new trial on all of the issues and to reopen the whole case.

Error to St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Chisty M. Farrar* for plaintiff in error.

(1) Writs of error lie to correct errors on the face of the record. State v. Kelly, 206 Mo. 685; R. S. of Mo. 1909, sec. 2054. (2) Errors apparent upon the face of the record are reviewable by the appellate courts without a bill of exceptions being filed. Finkelnburg & Williams, Missouri Appellate Practice, p. 45; Patterson v. Yancey, 97 Mo. App. 693; Cartwright v. Liberty, 205 Mo. 126; State v. Gardner, 157 S. W. 84. (3) A nonsuit or judgment of dismissal entered of record deprives the court of further jurisdiction of the case. Kelly v. Hogan, 16 Mo. 215; Davis v. Hall, 90 Mo. 659; 14 Cyc., p. 421; Kelly v. Kelly, 23 Tex.

437; Sere v. McGovern, 65 Cal. 244; Owens v. Co-croft (Ga., 1914), 80 S. E. 906; Foster v. Atkinson, 1 Litell's Rep. 214 (11 Ky.) ; Wright v. Thomas, 6 Texas, 420; Sowle v. U. S., 46 Ct. Cl. 92; Ryan v. Tomlinson, 31 Cal. 11; Tufts v. Bausermann, 46 Ia. 241; New Hampshire Bank v. Ball, 59 Kansas, 55; Hutchins v. Buck, 32 Me. 277; Miller v. Mans, 28 Ind. 194; Lewenthal v. Mississippi Mills, 55 Miss. 101; Johnson v. Shepard, 35 Mich. 115; Connor v. Knott, 10 S. Dak. 384; American Burial Case Co. v. Shaughnessy, 59 Miss. 398; Marsh v. Hammond, 93 Mass. 483; State v. Boehringer, 141 Pac. 126; Cottonwood Creek C. Co. v. Kuehnert, 126 N. Y. S. 904.  (4) In a petition consisting of several counts, plaintiff may take a nonsuit as to one and go to trial as to other counts.  Grant v. Hathaway, 118 Mo. App. 604.

*Abbott & Edwards* for defendant in error.

(1) Since no bill of exceptions was filed by plaintiff in error, there is nothing for review except the record proper.  Scott v. Adams Express Co., 116 Mo. App. 174; Watkins v. Green, 116 Mo. App. 593.  (2) Since no exception to the overruling of the motion for new trial can appear in the record proper, and since no bill of exceptions was filed, there is nothing for review except the record proper.  Murphy v. Lorwood, 168 Mo. App. 11; Angel v. Portageville, 168 Mo. App. 16.  (3) The record proper is the petition and other pleadings in the case, the summons and officer's return thereon, the verdict, and the judgment of the court.  Bombeck v. Bombeck, 17 Mo. App. 26; Bateson v. Clark, 37 Mo. 31; Smith v. Mosely, 137 S. W. 971; Walker v. Fritz, 166 Mo. App. 317.  (4) The largest view of what is to be deemed the record proper can make it include no more in addition to what is above stated than those orders which emanate from the breast of the judge while sitting in court, and which are evi-

denced alone by the entries on the minutes of the court. Green County v. Wilhite, 35 Mo. App. 39.  (5) Motions and the rulings of the court thereon are matters of exception, and do not belong to the record proper.  Crow v. Stevens, 44 Mo. App. 137; Sanderson v. Wertz, 44 Mo. App. 496; Monroe v. Finks, 40 Mo. App. 367; Jefferson City v. Opel, 67 Mo. 394; Kohn v. Lucas, 17 Mo. App. 29; Hubbard v. Quisenberry, 32 Mo. App. 459; Mocker v. Skellett, 36 Mo. App. 174; *In re* Webster, 36 Mo. App. 355; Pearson v. O'Connor, 151 Mo. App. 169; Force v. Van Patton, 149 Mo. 446; 2 Cyc., (1061.  (6)  A motion to set aside a nonsuit must be preserved in the bill of exceptions.  Harper v. Standard Oil Co., 74 Mo. App. 644; School District v. Holmes, 35 Mo. App. 487; 2 Cyc. 1062; 2 Cyc. 1073. (7) Whatever part of the proceedings should be incorporated in the bill of exceptions is not made a part of the record by the mere entry of the clerk or by the statement of counsel. 2 Cyc., 1055.  (8)  The proceedings below will be presumed to be correct unless the contrary appears by the record, and the judgment must stand unless it affirmatively appears that the judgment cannot be justified upon any ground.  1 Missouri Digest, columns 836 and 837.  (9)  The burden is on the party alleging error to show it affirmatively by the record.  1 Missouri Digest, column 838.  (10)  Even if the record proper showed that the second count was never formally reinstated nevertheless the parties  proceeded in  the litigation, taking no notice of the dismissal, and the dismissal was thereby waived.  Munster v. Doyle, 50 Ill. App. 672; Phillips v. Hood, 85 Ill. 450; Goodrich v. Huntington, 11 Ill. 646; Clark v. Montague, 67 Mass. (1 Gray) 446; 14 Cyc. 426; Brunswick v. Nix, 138 Ill. App. 559.  (11) Even if the record proper showed that the second count was dismissed and not reinstated, nevertheless plaintiff should not be permitted to profit by his own dereliction.

NORTONI, J.—Plaintiff in error, who is plaintiff also in the case, sued out this writ of error on May 19, 1909, to the end of reversing a judgment in favor of defendant in the case and defendant in error, on both counts of the petition. There is no bill of exceptions before us and the record alone is here.

It appears from the record that plaintiff instituted the suit against defendant by filing his petition in two counts in the circuit court and causing summons to issue thereon. The first count of the petition declared upon a promissory note of $2500, and the second count declared upon five separate promissory notes, which, it is said, all represented but one cause of action. On November 23, 1909, defendant filed his answer to both counts of the petition, and on November 27, 1909, plaintiff replied thereto. Thereafter, on April 6, 1910, the cause was tried in the circuit court. At the conclusion of the trial, before submitting the issue to the jury, the court sustained defendant's motion to that effect and required plaintiff to elect upon which count of the petition he would further proceed. Upon sustaining this motion, plaintiff elected to stand upon his first count and, thereupon, suffered an involuntary nonsuit as to the second count and dismissed it. The jury returned a verdict in favor of defendant on the first count of the petition, and, thereafter, in due time, plaintiff filed his motion for a new trial, alleging that the court erred in requiring him to elect on which count of the petition he would proceed and thus forcing him to an involuntary nonsuit on the second count.

On May 16, 1910, the court sustained plaintiff's motion for a new trial on the ground above stated—that is, that it erred in requiring plaintiff to elect and forcing him to an involuntary nonsuit on the second count of his petition—set the verdict of the jury in favor of defendant on the first count aside, and ordered a new trial. Thereafter, on May 27, 1910, defendant appealed to this court from such order of the court,

sustaining plaintiff's motion for a new trial, and the order so made was sustained here. In other words, this court affirmed the order of the trial court granting plaintiff a new trial for the error above stated and remanded the cause for further proceedings therein, as will appear by reference to the case between these same parties. [See Wonderly v. Haynes, 159 Mo. App. 122, 139 S. W. 813.]

The record before us recites the facts above stated, but omits to disclose that plaintiff filed a motion requesting the court to reinstate the second count of his petition on the docket for trial. However, it appears that the trial of the cause came on a second time in the circuit court on the 19th day of February, 1912, and both parties appeared and contested the same. After hearing the evidence at the second trial, February 19, 1912, it appears the jury returned a verdict in favor of defendant in the trial court and defendant in error here, on both counts of the petition. On this verdict, the court entered a proper judgment in favor of defendant on both counts of the petition.

The point made and pressed upon us here for a reversal of the judgment is, that the court was without jurisdiction to hear and determine the issue arising on the second count of the petition, for it is said this count was never reinstated in the trial court for trial by an order of record to that effect after plaintiff suffered the involuntary nonsuit thereon above referred to and dismissed it. Therefore, it is said that the first count of the petition alone was before the court in the second and last trial, for without a reinstatement of the second count after the involuntary nonsuit, no valid judgment could be given thereon. The argument is an exceedingly technical one, for it appears affirmatively on the face of the record that the issue was tried on both counts of the petition and responded to in the verdict, which expressly states a finding in favor of defendant on both. Moreover, as before stated, the

judgment expressly recites such finding and a judgment in favor of defendant on both counts.

However, it is true the record before us does not affirmatively disclose in so many words that the trial court, on plaintiff's motion, reinstated the second count of the petition for trial at the time it granted the new trial in the cause. But it does appear that plaintiff moved the court for a new trial on the ground that the court erred in requiring him to elect on which count of the petition he would stand and in forcing upon him an involuntary nonsuit as to the second count. It appears, too, affirmatively on the face of the record that the court sustained this motion and set aside the verdict of the jury in the former trial, on the first count, because it had erred in requiring plaintiff to elect on which count of the petition he would proceed and forcing upon him an involuntary nonsuit. The motion on which the court acted with respect to this matter is not part of the record and, of course, is not before us, for the reason there is no bill of exceptions here. The bill of exceptions alone is the proper repository for such a motion, and without it, we are unable to ascertain just what plaintiff prayed for therein. However, the circuit court, being a court of general jurisdiction, every presumption must be indulged in aid of its proceedings to sustain the same as regular and proper, unless facts revealing the contrary appear before us. Therefore, it must be presumed, among other things, that plaintiff incorporated in his motion for a new trial, grounded upon alleged error of the court in requiring him to elect upon which count of his petition he would proceed, a request that the court reinstate the second count of the petition for trial. [Needles v. Burk, 98 Mo. 474, 11 S. W. 1008.] Such appears to be the gravamen of his complaint in the motion for a new trial, and it was on this ground the court sustained

the motion, for the record so recites, and this order was subsequently affirmed here.

Plaintiff in error seems to overlook the effect of an order sustaining a motion for a new trial, which is, generally speaking, to leave the case as though no trial had taken place. [Hurley v. Kennally, 186 Mo. 225, 85 S. W. 357.]    There is an exception, of course, when the petition contains two or more counts and the verdict is for plaintiff on one or more and for defendant on one or more.    In such case, the granting of a new trial to one of the parties on a count ruled adversely to him does not of itself reopen others well tried and decided in his favor.    [See Cramer v. Barmon, 193 Mo. 327, 91 S. W. 1038.]    However, it is the rule that an order granting a new trial will be presumed to award a new trial on all of the issues and to reopen the whole case unless there are directions to the contrary.    [14 Enc. Pl. & Pr. 936.]

Here, the court expressly recited of record that it granted the new trial because it erred in requiring plaintiff to elect on which count of the petition he would proceed, when it should have sent both counts to the jury.    This reveals beyond question that the court receded from its position which had forced plaintiff to an involuntary nonsuit of the second count and granted to him everything that may be presumed in his favor on that motion, and such obviously includes a reinstatement of his cause of action declared upon in the second count for trial.

Other affirmative matters of record make it appear that both counts of the petition were subsequently tried and a verdict and judgment given in express terms for defendant on both such counts.    The judgment should be affirmed.    It is so ordered.    *Reynolds, P. J.,* and *Allen, J.,* concur.