VIRGINIA B. WHITE, DWIGHT L. RITCHIE, PAULINE HILBORN and MAMIE SMITH, Appellants, v. MARY HOFFMAN, THORNTON NATIONAL BANK, a Corporation, HARRY HARNER, Cashier of said Thornton National Bank, and ROY HOFFMAN.—52 S. W. (2d) 830.

Division One, September 3, 1932.

*M. T. January* for appellant.

116

*H. M. Poage* and *Hallett & Hallett* for respondents.

ATWOOD, J.—Gertrude H. Smith brought suit in the Circuit Court of Vernon County against Mary Hoffman, Thornton National Bank, Harry Harner, cashier of said bank, and Roy Hoffman, to ascertain and determine title to certain real estate under the provisions of Section 1970, Revised Statutes 1929, now Section 1520, Revised Statutes 1929. The suit was returnable to the October Term, 1926, at which term defendants answered. At the October Term, 1927, the death of Gertrude H. Smith was duly suggested and noted on the docket. Nothing further was done until the May Term, 1928, when the following entry was made on the judge's docket: "Dwight Ritchie, Pauline A. Hilborn, Virginia B. White and Mamie A. Smith, a minor, by O. A. Thompson, her guardian and curator, enter appearance and cause revived in their names." At the October Term, 1929, which was after the judge who entered this order was succeeded in office by another judge, the said Dwight Ritchie, Pauline A. Hilborn, Virginia B. White and Mamie A.

Smith by leave of court filed an amended petition setting up that they were the only heirs of Gertrude Smith, deceased, and praying for the same relief she had asked in the original petition. Thereafter, and at the same term, Mary Hoffman, appearing specially, filed a motion to set aside the order made at the May Term, 1928, purporting to revive the cause as aforesaid, for the alleged reason that "said order was not made by consent of this defendant, nor was any notice given to the defendant, as required by law, to show cause why said action should not be revived in the name of the attempted, substituted plaintiffs." This motion was sustained and thereupon, at the same term, said defendant filed motion to dismiss said cause for the reason that it was not revived within three terms after the suggestion of death of Gertrude Smith. This motion was also sustained and judgment of dismissal was entered. Hence, this appeal.

Section 891, Revised Statutes 1929, provides that no action shall abate by the death of a party if the cause of action survive or continue, and in case of such death the court, on or before the third term after the suggestion of such death, "may, on motion, order the action to be continued by or against the representative or successor of such party in interest." Such order "may be made on the motion of the adverse party, or of the representatives or successor of the party who died," etc., [Sec. 892.] The order may be either absolute or conditional, as provided in Section 893, which is as follows:

"If the order is made upon the voluntary appearance and by consent of the parties, the action shall forthwith stand revived, and if not made by their consent, it shall be conditioned that the action be revived in the names of representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them, unless good cause be shown against the revivor at the next term, and a summons shall be issued against the person to be made a party, and if, after service of the same, sufficient cause be not shown against the revivor within the first four days of the term to which the summons is returnable, the action shall stand revived."

In considering the court's order of revivor made at the May Term, 1928, and the successor judge's action in sustaining defendant's motion, filed at the October Term, 1929, to set same aside (assuming without deciding that such motion was timely filed), it must be borne in mind that a circuit court, being a court of general jurisdiction, is presumed to have proceeded without error and that presumption abides until the contrary is shown. [Garber v. Mo. Pac. Ry. Co., 210 S. W. (Mo.) 377, 379; Interstate Ry. Co. v.

Railroad, 251 Mo. 707, 720, 158 S. W. 349; Karicofe v. Schwaner, 196 S. W. 46, 49, 196 Mo. App. 565; Wonderly v. Haynes, 186 Mo. App. 75, 81, 171 S. W. 564.]

 On or before the third term after suggestion of the death of deceased plaintiff it was in order for the court on motion to enter a revivor, absolute if made "upon the voluntary appearance and by consent of the parties," but conditional only if otherwise made. While the court's entry of revivor in this instance does not recite that the order was made on motion and "upon the voluntary appearance and by consent of the parties," yet in form it is absolute and not conditional. Therefore, it should have been presumed until the contrary was shown that the order was made upon motion and by such appearance and consent. When the plaintiffs, thus substituted, filed their amended petition at the October Term, 1929, defendant Mary Hoffman, appearing specially, filed her motion to set the order of revivor aside. It appears from the record that the motion was not verified and no evidence was offered in support thereof except matters hereinabove stated none of which tend to show that the order of revivor was made without motion and the voluntary appearance and consent of the parties, and the motion to vacate did not prove itself. [Hurst Automatic Switch & Signal Co. et al. v. Trust Co. et al., 5 S. W. (2d) (Mo.) 3, 4.] It follows that the order of revivor stands unimpeached by the record before us, and the successor judge was not authorized to vacate the same or dismiss the cause but should have overruled the motion to set aside the order of revivor. Other questions raised in briefs need not be ruled.

The judgment is reversed and cause remanded with instructions to proceed in conformity herewith. All concur.