## MOMAND v. PARAMOUNT PUBLIX CORPORATION et al.

### No. 1477.

Circuit Court of Appeals, Tenth Circuit.

Feb. 26, 1937.

Rehearing Denied April 8, 1937.

George S. Ryan (Frank S. Field, of Oklahoma City, Okl., on the brief), for appellant.

Frank Wells, of Oklahoma City, Okl. (D. I. Johnston, of Oklahoma City, Okl., on the brief), for appellees except Regal Theatres, Inc.

Malcolm W. McKenzie, of Oklahoma City, Okl. (J. H. Everest, of Oklahoma City, Okl., on the brief), for appellee Regal Theatres, Inc.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant brought this action at law against appellees to recover treble damages under 15 U.S.C.A. § 15, 38 Stat. 731.

The record sets forth a purported motion interposed by appellees to strike certain portions of the amended petition and to require appellant to make certain portions thereof more definite and certain and purported rulings by the trial court on such motion. Neither the motion nor the rulings are incorporated in a bill of exceptions.

The appeal is from the following order:

"Now on the 9th day of July, the plaintiff having announced in open court that the order of February 3, 1936, entered in this cause would not be complied with, and no amended petition filed, it is the opinion that this cause should be dismissed.

"It is therefore ordered, adjudged, and decreed, that this action be dismissed, and exceptions allowed the plaintiff."

The assignments of error are all predicated on the purported rulings on the motion.

Motions to strike and motions to make more definite and certain and rulings thereon are not part of the record proper and may be brought upon the record only by a bill of exceptions duly authenticated and filed. Dietz v. Lymer (C.C.A.8) 61 F. 792, 794; Ghost v. United States (C.C.A.8) 168 F. 841; Chicago Great Western R. Co. v. Le Valley (C.C.A.8) 233 F. 384; Vance v. Chapman (C.C.A.8) 23 F.(2d) 914; Flanagan v. Benson (C.C.A.8) 37 F.(2d) 69.

In Deitz v. Lymer, supra, the court said:

"The defendant below has assigned for error the action of the circuit court in sustaining the several motions to make the answer more certain, and to strike out parts of the answer because they were too indefinite. * * * These assignments of error cannot be noticed in this court, for the reason that they relate to matters in which the action of the trial court was purely discretionary. * * * Moreover, mo-

tions of this character form no part of the record, unless they are made such by a bill of exceptions; and no bill of exceptions was signed or allowed, so far as the record shows, either when the orders in question were made or afterwards."

What is record proper and what may be brought upon the record only by a bill of exceptions is controlled by the statutes of the United States and, where they are silent, by the common law and the practice prevailing in the United States courts and not by the rules and practice in the state courts. Ghost v. U. S., supra; Chateaugay Ore & Iron Co., Petitioner, 128 U.S. 544, 553, 9 S.Ct. 150, 32 L.Ed. 508; St. Clair v. United States, 154 U.S. 134, 153, 14 S.Ct. 1002, 38 L.Ed. 936; Camp v. Gress, 250 U.S. 308, 318, 39 S.Ct. 478, 482, 63 L.Ed. 997.

In Camp v. Gress, supra, the court said:

"The Conformity Act [28 U.S.C.A. § 724] by its express terms refers only to proceedings in District (and formerly Circuit) Courts and has no application to appellate proceedings either in this court or in the Circuit Court of Appeals. Such proceedings are governed entirely by the acts of Congress, the common law, and the ancient English statutes."

The decisions of the state courts are therefore helpful only as they may reflect the practice under the statute of 13 Edward I, Chap. 31, the English statute providing for a bill of exceptions and broadening the scope of review on writ of error. The decisions of the state courts generally are to the effect that such motions may be brought upon the record only by bill of exceptions.[1]

It follows that the matters upon which error are assigned are not before us and may not be considered.

Since it appears that the dismissal was because of failure to comply with the court's order and was not based on matters going to the merits, the dismissal should have been without prejudice. Langley v. Hamilton, 127 Okl. 35, 259 P. 575.

The order is reversed with instructions to vacate the order and enter an order dismissing the amended petition without prejudice. Each party will pay his own costs.

---

[1] Ewing v. Vernon County, 216 Mo. 681, 116 S.W. 518; Birmingham v. Warren (Mo.Sup.) 34 S.W.(2d) 115; Shuey v. Bunney, 4 Cal.App.(2d) 408, 40 P.(2d) 859; Arkansas Central R. Co. v. State, 72 Ark. 250, 79 S.W. 773; Town of Scott v. Artman, 237 Ill. 394, 86 N.E. 595; Pittsburgh, C., C. & St. L. R. Co. v. Indiana Horseshoe Co., 154 Ind. 322, 56 N.E. 766; Masoner v. Bell, 20 Okl. 618, 95 P. 239, 18 L.R.A.(N.S.) 166; Forbes v. Rogers, 143 Ala. 208, 38 So. 843; De Pedrorena v. Hotchkiss, 95 Cal. 636, 30 P. 787; Whitney v. Teichfuss, 11 Colo. 555, 19 P. 507; Mann v. Brown, 263 Ill. 394, 105 N.E. 328; Interstate Ry. Co. v. Missouri River & C. R. Co., 251 Mo. 707, 158 S.W. 349; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619; Barber v. Mulford, 117 Cal. 356, 49 P. 206; Brink v. Posey, 11 Colo. 521, 19 P. 467.