VIRGINIA B. WHITE, DWIGHT I. RITCHIE, PAULINE A. HILBORN and MAMIE CROWLEY v. ROY F. HOFFMAN, Appellant.—111 S. W. (2d) 100.

Division Two, December 17, 1937.*

*NOTE: Opinion filed at May Term, August 26, 1937; motion for rehearing filed; motion overruled at September Term, December 17, 1937.

*D. C. Chastain, D. Z. Gibson* and *Hallett & Hallett* for appellants.

*A. E. Elliott* for respondents.

BOHLING, C.—This is an action to reform a deed, to cancel deeds, and to quiet title to real property; plaintiffs alleging ownership in fee of the following described real estate situated in the city of Nevada, Vernon County, Missouri, to-wit: "The West One-Half (W½) of the North One-Half (N½) of Block Nine (9) of Allison's Addition; and the West One-Half (W½) of Lot Four (4) of Block Two (2) of Pitcher's Addition.". The judgment of the court, after reforming the description of a lot in a deed, decrees title to said real estate and to "Lot Eight (8) of Block Eleven (11) of Wight's Addition" to said city, in plaintiffs. The judgment thus appears to grant relief beyond the scope of plaintiffs' pleading. Defendant appeals. Facts sufficient for the disposition of this appeal follow.

D. M. Hoffman and Mary Hoffman, as tenants by the entirety, were the owners of real estate situated in said city of Nevada; and, under deeds of October 26, 1914, conveyed, according to plaintiffs, to Roy F. Hoffman, their son, certain real estate, and to Gertrude H. Smith, their daughter, other real estate. D. M. Hoffman delivered the deeds in escrow; and we assume for the purposes of this review, without deciding, that Mary Hoffman was bound by the deed to Gertrude H. Smith.

D. M. Hoffman died in April, 1918.

On August 11, 1926, Gertrude H. Smith, alleging ownership in fee simple subject to a life estate of Mary Hoffman, instituted this action to quiet the title to the real estate described in the deed to her. She died July 9, 1927; and it stands decided [White v. Hoffman, 331 Mo. 115, 118(2), 52 S. W. (2d) 830, 831(2)] that upon motion, voluntary appearance and by consent of the parties the cause was revived at the May Term, 1928, in the names of the only heirs at law of said Gertrude H. Smith, deceased, the present plaintiffs. Roy F. Hoffman, following the death of Mrs. Smith, secured quitclaim deeds from Mary Hoffman to the real estate mentioned in the decree.

Mary Hoffman died in December, 1932.

The judgment recites that the deed of October 26, 1914, to Mrs. Smith conveyed the real estate to her "and her bodily heirs." It appears that the provisions of the deed, it being in escrow, may have been first fully disclosed at the trial. Defendant contends Gertrude H. Smith's cause of action abated upon her death and could not be revived by her heirs at law.

Interpreting plaintiffs' amended petition as it appears of record before us, in the light of the order of revival, plaintiffs proceeded upon the theory Gertrude H. Smith held title in fee, subject to the life estate of Mary Hoffman, and that they acquired title under the statutes of descent. Plaintiffs do not contend they proceeded on the theory they acquired title under the provisions of the

deed conveying the real estate to Gertrude H. Smith ''and her bodily heirs.'' From its very nature, the title to realty of a tenant for life, subject to the life estate of another, terminates upon the death of such life tenant prior to the death of the life tenant having priority; and there is no survival of a cause of action instituted during the lifetime of such deceased life tenant seeking merely the establishment of his title.   [1 C. J. 206, sec. 394;.  1 C. J. S. 205, sec. 149;   and consult Scanland v. Walters, 305 Mo. 415, 420, 265 S. W. 688, 689 (2d).]   The judgment decreeing title in plaintiffs, therefore, was not based upon issues tendered under plaintiffs' pleading.

Under the facts and circumstances of the instant case, notwithstanding the broad provisions of Section 1520, Revised Statutes 1929 (Mo. Stat. Ann., p. 1682), the quiet title section, and the revivor by consent of the cause in the names of the heirs at law of Mrs. Smith, the defendant's position that the cause should be reversed and remanded with directions to abate the cause of action founded upon the title of Gertrude H. Smith, without prejudice to the assertion of other rights, if any, of plaintiffs in and to the real property involved, is well taken.   It is so ordered.   *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.   All the judges concur.