STATE OF MISSOURI ex rel. FIDELITY NATIONAL BANK AND TRUST COMPANY, and HERBERT V. JONES and HARRY E. MINTY, as Liquidating Trustees of Fidelity National Bank and Trust Company, Relators, v. PAUL A. BUZARD, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City.—No. 38207.—173 S. W. (2d) 915.

Division Two, September 7, 1943

*Bowersock, Fizzell & Rhodes* and *Lathrop, Crane, Reynolds, Sawyer & Mersereau* for relators.

*Homer H. Berger, Watson, Ess, Groner, Barnett & Whittaker* and *Douglas Stripp* for respondent.

LEEDY, P. J.—Prohibition: Relators, by this original proceeding, seek to prohibit the respondent judge from taking further cognizance of an action brought against them, as defendants, in the Jackson County Circuit Court by Frank E. Jones, as plaintiff, to recover $76,889.50, with interest, which was returnable to the May, 1941, term of said court.

The sole question involved is the timeliness of the purported revivor of said action, under facts as follows: Defendants appeared at said May, 1941, term, and demurred. Thereafter, on August 20, 1941, and during the same term, the death of plaintiff, Jones, was duly suggested, the court being advised thereby that said Jones departed this life on or about May 27, 1941; but no steps were taken at the ensuing September and November, 1941, terms. Thereafter, on February 17, 1942, during the January, 1942, term, C. R. Benton, as administrator of 'the estate of said Jones, filed a motion for an order of revivor, and on the same day the court entered the following order on said motion: "Now on this day comes C. R. Benton and files his motion giving the Court to be informed that he is the duly appointed, qualified and acting Administrator of the Estate of Frank E. Jones, deceased, whose death has been suggested of record herein, and prays the Court to be made a party plaintiff in this cause and that the same be revived in his name; and upon such motion *it is ordered that the said C. R. Benton, Administrator of the estate of Frank E. Jones, be made plaintiff in the place of said deceased, and that the action be revived and proceed in his name and favor,* unless the defendants show good cause to the contrary within the first four days of the next term of this Court; and it is further ordered that a summons issue directed to said defendants to show cause why this action should not stand revived as prayed." (Italics ours.)

Summons was issued by the clerk, and served on the defendants more than 15 days before the first day of the next (March, 1942) term. It notified defendants to appear at the time directed by said order, and show cause why said case "should not be revived in the name of" the administrator and recited that "unless you do appear said cause will be so revived." On March 11, 1942, it being the third

day of said March term, the defendants, appearing specially and for the purpose of the pleading only, filed their identical returns to the summons, or order to show cause, (with which was coupled a plea to the jurisdiction) wherein they alleged the facts with reference to the death of Jones, and the suggestion thereof, as hereinabove recited, and further alleged: "That since the May, 1941, Term of this Court at which the death of Frank E. Jones was duly suggested of record, three terms of this Court have expired, namely, the September, 1941, Term; the November, 1941, Term, and the January, 1942, Term, without said cause having been revived and that by reason of the facts aforesaid and the statutes of the State of Missouri pertaining to the abatement and revival of actions, said action abated at the expiration of the January, 1942, Term of this Court, and that this Court has no jurisdiction to revive or continue said action." Thereafter, during the same (March, 1942) term of said court, the court entered an order disposing of said returns, the relevant portions of which are:

"Now on this day, the Court having heretofore heard arguments of counsel upon the returns of the defendant[s], . . . to the order and summons to show cause why this action should not stand revived and proceed in the name of C. R. Benton, Administrator of the estate of Frank E. Jones, Deceased, as plaintiff, . . . in which returns said defendants respectively pray that said cause be dismissed, and the Court, having taken the same under advisement and having duly considered them, finds that no cause has been shown why said action should not stand revived as ordered by this Court at the January, 1942, term of this Court, on February 17, 1942, and that said returns and pleas in abatement should be overruled.

"It is therefore, ordered, adjudged and decreed that the said separate returns of the defendant [s], . . . should be, and the same hereby are, overruled, and it is further ordered that the order heretofore entered herein at the January Term, 1942, on February 17, 1942, reviving this cause in the name of C. R. Benton, as Administrator of the Estate of Frank E. Jones, deceased, as plaintiff, shall stand, to all of which said defendants except."

Relators say that the cause was not revived until the fourth term after the suggestion of death, which was too late, because the statutes limit the power of the court in that behalf to three terms, and, therefore, the court had no jurisdiction or power to enter such order.

The governing statutes are: Secs. 1042, 1043, 1044, 1045, and 1047.[1]

---

[1]"No action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue. In case of the death, marriage or other disability of a party, the court, on or before the third term after the suggestion of such death, marriage or disability, may, on motion, order the action to be continued by or against the representative or successor of such party in interest. When the cause of action does not survive, the action shall abate only as to the deceased parties, and shall continue as to the survivors, if any, without a revival thereof." [Sec. 1042 Mo. R. S. A.]

In computing [917] the period of limitation prescribed, the term at which death is suggested is to be excluded. [Gallagher v. Delargy, 57 Mo. 29.] The death of the plaintiff Jones was suggested at the May, 1941, term. The September and November terms intervened, so that the January, 1942, term became the "third term after the suggestion of such death" within the meaning of sections 1042 and 1047. The sufficiency of the proceedings had at the latter term are challenged on these grounds: (1) That the rule issued by the court at said January term was preliminary, and a mere order to show cause; (2) That it "is the final order after a hearing on an order to show cause which is necessary to make the representative a party," and such order must be entered on or before the third term after the suggestion of death; and (3) that all of the steps must be taken, and the final order of revival made, on or before the third term after suggestion of death. Relators argue that these conclusions are confirmed by the origin and background of the sections in question.

The statutes have remained unchanged (a minor matter of punctuation excepted) since they took their present form in 1865. [G. S., 1865, Chap. 170, secs. 1-6.] Sec. 1044 provides for an order of revivor, absolute in nature, if "made upon the voluntary appearance and by consent of the parties," which, of course, means both parties. It is conditional only if otherwise made. [White v. Hoffman, 331 Mo. 115, 52 S. W. (2d) 830.] It is the latter situation with which we are concerned. It will be observed that the only express provision

---

[1] (continued)

"After the suggestion of the death, marriage or disability, the order may be made on the motion of the adverse party, or of the representatives or successor of the party who died or whose power ceased, and the names and capacities of the representatives or successor shall be stated in the order." [Sec. 1043 Mo. R. S. A.]

"If the order is made upon the voluntary appearance and by consent of the parties, the action shall forthwith stand revived, and if not made by their consent, it shall be conditioned that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them, unless good cause be shown against the revivor at the next term, and a summons shall be issued against the person to be made a party, and if, after service of the same, sufficient cause be not shown against the revivor within the first four days of the term to which the summons is returnable, the action shall stand revived." [Sec. 1044 Mo. R. S. A.]

"The summons may be directed to any county in the state, and shall be served and returned in the same manner and with like effect to all intents and purposes as is required in cases of summoning or notifying original defendants. The court may also make an order of publication as to all such persons to be made parties as are non-residents, or whose names are unknown, in the same manner as in case of original defendants, which order shall be published in like manner as in original cases." [Sec. 1045 Mo. R. S. A.]

"In all cases where the representatives of a deceased or disabled party shall not be made parties according to the provisions of this article, on or before the third term after the suggestion of death or disability, the action shall abate as to such party and the interest of his representatives or successor therein; and the cause shall proceed in favor of or against the survivors. In case there be no surviving plaintiff or defendant, the suit shall be dismissed." [Sec. 1047 Mo. R. S. A.]

for summons is that it "shall be issued *against the person to be made a party.*" This does not apply where, as here, a conditional order is entered on the application of the representative of the deceased party. For in such a case "the person to be made a party" has already entered his appearance by the act of applying for revivor. But some effect must be given to the language imposing the condition, "unless good cause be shown against revivor at the next term." Certainly a defendant would not be required to ascertain at his peril that such an order had been entered, and take timely steps to show cause against it. The language just quoted requires, by plain implication, that the adverse original party shall be notified. Anent this subject, it was said in Ferris' Admr. v. Hunt, 18 Mo. 480, "It would be against the first rules of justice to permit a party in a court to take a step which might seriously affect his adversary's rights, without his consent or without [918] notice or scire facias." We think notice by summons is an appropriate, but not an indispensable or exclusive, method of notifying the adverse original party *in such a situation.* As will be seen, this view harmonizes with the procedure outlined by the statutes as they existed prior to taking their present form.

Prior to the adoption of the Code of Civil Procedure in 1849, the matter of revivor was governed, in law cases, by Chap. 136, Art. V; in Chancery, by Chap. 137, Art. V. [R. S. 1845.] The present sections are derived from, and are adaptations of, both of said acts. Methods prescribed by them respectively were more specific and detailed than under the one in question. The chancery act was the more comprehensive, and it was retained under the 1849 code.[2] Without undertaking to analyze the many contingencies covered by the chancery act, it is sufficient to say that it (as well as the law act) treated plaintiffs and defendants separately, and thus the procedure varied according to whether the deceased party had been plaintiff or defendant. For example: Sec. 4 provided that upon suggestion of the death of a deceased *defendant,* "the court, or clerk in vacation, shall, on the petition of the *complainant,* issue a summons in the nature of a scire facias, against all persons . . . to be made parties," etc., which was required to be served and returned as "in the cases of summoning or notifying original defendants." Sec. 12 provided that on affidavit of the death of a *plaintiff,* "and on motion in open court," his representatives "may be made complainants in the suit." But the statute said nothing about summons or scire facias to the original adverse party, in instances of that kind. Sec. 14 provided that "when the representatives [of a deceased complainant] *shall not cause themselves to be made complainants,* on or before the first day of the second term after the death is suggested," the surviving complainant might

---

[2] "Suits may be revived in the cases, and in the manner and with the effect now provided by Art. V, of Practice in Chancery, so far as may be consistent with the provisions of this act." [Laws 1849, p. 76, sec. 12.]

"proceed to. make them defendants, as in cases where the representatives of a deceased defendant are made parties." Sec. 15 made provision for the original defendants to bring in the representatives of a deceased plaintiff where, among other things, the surviving plaintiff refused or neglected to proceed against them as defendants. While the act provided for summons to the representatives of a deceased defendant (returnable to the next term), there was no such limitation as to the return date of an order to show cause where issued to representatives of a deceased plaintiff under the circumstances mentioned in Sec. 15. "At a certain day, to be named in the order," said the section, so the order to show cause, unlike a summons, could have been returnable to the same term at which it was entered, had the court so directed, thus emphasizing the difference in procedure as between deceased parties plaintiff and defendant. Present Sec. 1047 is the counterpart of Sec. 19 of the chancery act. Said chancery act appeared as Chap. 128, Art. XI, R. S. 1855 [pp. 1272-7], but some of the features of the former *law* act were added, notably the following which was taken bodily from Sec. 16, p. 824, R. S. 1845: "All orders made for the purpose of substituting any person as plaintiff or defendant, in place of the original defendant or plaintiff, shall be made, either upon the voluntary appearance of the adverse original party, or after the service upon such party of a summons, as herein before described." The addition of that section may be accounted for by the decision in the case of Ferris' Admr. v. Hunt, supra, which was decided in 1853; but, in any event, the more detailed scheme provided by R. S. 1855 was changed, and the present plan enacted in 1865. Since then it has been construed in relatively few cases, considering the great length of time it has been on the books.

What was said in Cole v. Parker-Washington Co., 276 Mo. 220, 207 S. W. 749, about the statute applying equally to both parties to the suit is not to be understood as holding the details of procedure for bringing in the representatives of deceased plaintiffs and defendants are necessarily the same. There was no such question in that case. The matter in judgment was the validity of a proceeding where a party, duly served with process, died and thereafter a judgment was rendered against him *without revivor*, nor any attempt so to do. In other words, the question was whether a valid judgment could be rendered against a dead man, and not the validity of an order of revivor. Hence, the language that "if those things ['how the revivor is to be made, and the parties gotten into court'] are not done on or before the third [919] term after the suggestion of death has been made, then the suit shall abate," was not necessary to a decision of the case.

The summons in the case at bar was returnable to the fourth term after suggestion of death. Had the representative of the deceased plaintiff theretofore (at the third, or January, term) been made a

party, within the meaning of Sec. 1047, by virtue of the conditional order, and suing out and obtaining service of process, notifying the defendants to show cause against revivor, if any they had? We think this question must be answered in the affirmative. In White v. Hoffman, supra, upon a review of the statutes in question, it was held that a conditional order of revivor might be entered on or before the third term after suggestion of the death of a plaintiff, the language of the court in that connection being: "On or before the third term after suggestion of the death of deceased plaintiff it was in order for the court on motion to enter a revivor, absolute if made 'upon the voluntary appearance and by consent of the parties,' but conditional only if otherwise made." We think that construction is sound, and if we are to adhere to it, relators' contention must be overruled. This case, which seems to be directly in point, apparently escaped the attention of counsel, as it is not mentioned in the briefs. The later case of Carter v. Burns, 332 Mo. 1128, 61 S. W. (2d) 933, is in accord: "Under our statute, it [the action] does not abate until three terms of court have passed after suggestion of death *without motion for revivor.*"

If the conditional order can be entered at the third term, as the White case holds, and as was done in the case at bar, it follows that the adverse party's challenge may be made at the fourth term, the latter being "the next term" within the contemplation of Sec. 1044. Consequently it is not true that *all* of the steps are required to be taken "not later than the third term," as relators urge. A contrary view is expressed in an eminent treatise on Missouri practice. [1 Houts Mo. Pl. & Pr., sec. 234, pp. 432-433.] The purpose of the capable and distinguished author of that excellent work was doubtless to outline, for the guidance of the less careful as well as the exacting, that course attended with the least hazard; in other words, to suggest the safest method. When viewed in the light of that purpose, it must be agreed his comments were justified as pointing out an unassailable course; particularly is this true when the date of the decision in White v. Hoffman, supra, is borne in mind, thus accounting for the fact that it appears only in the supplementary pocket parts. [1941, p. 97.]

Bostick v. McIntosh, 278 Mo. 395, 213 S. W. 456, which originated in the Circuit Court of Jackson County at Kansas City, is relied on. In that case the death of the defendant was suggested on April 8, 1915, and plaintiff thereupon asked that the cause be revived against deceased's executrix, and that she be cited to show cause why the case should not stand revived against her. Thereafter on April 12, 1915, a summons was ordered issued as prayed, but, in fact, it was never issued or served. More than a year later, on June 6, 1916, the executrix, appearing specially, filed a motion to dismiss for want of jurisdiction. Before her motion was passed on, plaintiff caused a new writ of summons to be issued and served upon the executrix. On June

23, 1916, the motion to dismiss was sustained, and on appeal that judgment was affirmed. There it was conceded that no summons was issued or served on the executrix within the time required by the statute. What is now Sec. 1047 was held to be a special statute of limitations, mandatory in its terms, which, under the facts outlined above, required that the action be dismissed. Other cases are cited by relators, but as all of them are similarly distinguishable on the facts, we will not encumber this opinion by reviewing them.

From what has been said, it follows that the preliminary rule in prohibition was improvidently issued, and should be discharged. It is so ordered. All concur.